UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASE NO.

JOHN DOE,
an individual,

       Plaintiff,

v.

PREDATOR CATCHERS, INC.,
a foreign corporation and
ERIC SCHMUTTE, an individual,

       Defendants.

_____/

## COMPLAINT

Plaintiff John Doe sues Predator Catchers, Inc. and Eric Schmutte and alleges:

### I.    JURISDICTION AND VENUE

1.    This is an action for damages in excess of $75,000.00, exclusive of interest, costs and attorney's fees where applicable.

2.    Plaintiff John Doe is a citizen of the State of Florida, residing in Duval County, Florida.

3.    Defendant Predator Catchers, Inc. ("Predator Catchers") is a foreign corporation organized and existing under the laws of the State of Indiana. Its principal place of business is 8621 Stonewall Drive, Indianapolis, Indiana 46231.

4.      Defendant Eric Schmutte ("Schmutte") is a citizen of the State of Indiana, residing at 8621 Stonewall Drive, Indianapolis, Indiana 46231.

5.      This Court has jurisdiction over this cause pursuant to 28 U.S.C. 1332(a) as between citizens of different states and in which the amount in controversy exceeds $75,000.00.

6.      Venue is proper before this Court pursuant to 28 U.S.C. 1391(b)(2) in that the events giving rise to Plaintiff's claims occurred in this judicial district.

## II.      GENERAL ALLEGATIONS

7.      The internet is a global computer network connecting millions of computers. The World Wide Web is a network of Web pages stored on Internet computers that can be accessed with software typically called a web browser. A Web Site is a collection of web pages that are linked together and maintained by a company, organization and/or individual.

8.      A message board or bulletin board allows internet users to post messages on part of a Web site. Message boards are arranged by discussion topics and allow users to post messages that can be read by all others who access a particular message board.

9.      A message board "thread" is a set of sequential messages concerning a discussion topic.

10.     Predator Catchers is a group which uses confrontational and vigilante tactics and has as its purported mission the investigation into and the identity and public exposure of sexual predators, principally those preying on minors. The group

is headquartered in Indianapolis but has branches in other cities. Predator Catchers is funded from contributions from followers.

11.    Schmutte is the founder and president of Predator Catchers, is responsible for the planning and coordination of Predator Catchers' activities, and personally directs and participates in Predator Catchers' activities. .

12.    The activities of Predator Catchers include setting up false profiles on internet dating sites which are used to lure responding individuals ("Responders") into potential sexual encounters, accusing the Responders of attempting to engage in sexual encounters with minors and then exposing the Responders on the internet through such platforms as YouTube, Facebook, TikTok and others.

13.    Predator Catchers maintains a website through which it posts its activities on line and which is accessed by its followers on its message board, many of whom post comments regarding the activities and conduct of Predator Catchers, in exposing alleged sexual predators.

14.    Tinder is an online dating and geosocial networking internet application. Individuals using Tinder may set up a profile of themselves with a photograph, a short bio, including their age, a list of interests and other similar information. The profile can then be "liked" or "disliked" by other Tinder users. If "liked," the profilers may make contact and communicate, through Tinder's message board and otherwise through text messaging. Tinder's policies mandate that no profiler under the age of eighteen (18) may connect with another profiler over the age of eighteen (18).

15.     Predator Catchers and its associates, in their vigilante tactics to expose potential sexual predators, use computers and mobile telephones, which qualify as electronic devices.  Text messaging through the use of mobile telephones is one of the most widely used functions of electronic devices.

16.     Approximately two (2) years ago, Plaintiff submitted his profile to Tinder but put the profile on hold.  Plaintiff later removed the hold on the Tinder account on or about December 27, 2021.

17.     On March 2, 2022, Plaintiff was notified by Tinder he had a "new match" with a woman named "Jessie."  Plaintiff and "Jessie" texted through the Tinder message board/chat room on several occasions until the morning of March 3, 2022.

18.     In the early afternoon of March 3, 2022, "Jessie" texted Plaintiff for his telephone number so they could text directly without having to go through the Tinder message board/chat room.  After providing "Jessie" with his mobile number, Plaintiff received a text through an electronic device from "Jessie" at 12:43 p.m. on March 2, 2022 with the message "Hey (Doe), its Jessie from Tinder."

19.     Thereafter, between 12:43 p.m. on Thursday, March 3 and 4:23 a.m. on Saturday, March 5, Plaintiff and "Jessie" texted numerous times.

20.     A fair reading of the text messages demonstrates that "Jessie" was being suggestive in an attempt to entice Plaintiff into a sexual encounter, whereas Plaintiff was responding with caution to "Jessie's" suggestive messages.  For example, "Jessie" texted Plaintiff asking "so you are wanting to like … you know … do it" to which

Plaintiff responded "I have no expectations.  Probably best to meet each other in person before making a decision like that."

21.    After the extended text messages between Plaintiff and "Jessie," "Jessie" invited Plaintiff to visit her at her "grandma's house," an invitation accepted by Plaintiff.  "Grandma" lived at 1340 Roxie Street, Mayport, Florida.

22.    In addition to the text messages between Plaintiff and "Jessie," Plaintiff provided "Jessie" with one photograph of himself while "Jessie" provided a total of five (5) photographs of herself to Plaintiff, including two photographs on Tinder which Defendants have since removed.  The photographs of "Jessie" clearly depict someone who is not a minor.

23.    Before his arrival at 1340 Roxie Street, Plaintiff confirmed with "Jessie" that she was over the age of eighteen (18) and complied with Tinder's age requirements.

24.    Upon his arrival at 1340 Roxie Street, Plaintiff was greeted at the front door by a female who was clearly an adult.  Schmutte and others, using vulgar, offensive and abusive language, confronted Plaintiff with Schmutte video and audio recording Plaintiff wherein Schmutte accused Plaintiff of seeking to have sex with a thirteen (13) year old.  The adult female who greeted Plaintiff at the front door is clearly depicted in the video and confirmed as an adult.

25.    Although Plaintiff was taken aback, he denied the accusation, retrieved his mobile phone and advised Schmutte and others that he was calling the police.  Plaintiff also attempted to use his mobile phone to videotape Schmutte and others.

26.     The video and audio recording ("Recording") by Schmutte was approximately forty-eight (48) minutes in length, over half of which was prior to Plaintiff's arrival at 1340 Roxie Street and which recorded Schmutte and others communicating with generous vulgarity about their entrapment victim's anticipated arrival.  Toward the end of the 48-minute Recording, Schmutte admits that there was no case against Plaintiff.

27.     On March 9, 2022, Plaintiff went to the Atlantic Beach, Florida Police Department to file a complaint against Schmutte and Pedator Catchers.  However, because Mayport, Florida is not within the jurisdiction of the Atlantic Beach Police Department, Plaintiff was referred to the Jacksonville, Florida Sheriff's Office.  A complaint against Schmutte and Predator Catchers was then filed by Plaintiff with the Jacksonville Sheriff's Office.

28.     Upon information and belief, Schmutte and Predator Catchers has removed the Tinder profile and photographs of "Jessie."

29.     The original forty-eight (48) minute Recording, despite the comments by Defendants that they had no case, was initially posted on various internet sites which, upon information and belief, has been viewed by several thousand viewers.  However, upon further information and belief, Schmutte and Predator Catchers have now redacted the Recording to thirty-seven (37) minutes, removing many of its most egregious and offensive portions, which evidenced Schmutte's and Predator Catcher's unsuccessful attempt to entrap Plaintiff into committing a crime.

30.    In addition to posting the Recording, Schmutte and Predator Catchers posted a photograph of Plaintiff with the caption "He said he was 38.  The decoy was 13."

31.    As a result of the publication of the Recording and the Plaintiff's photograph and caption, Predator Catchers has received an undetermined amount of contributions from its followers, thereby benefitting Schmutte and Predator Catchers.

32.    On Thursday, March 10, 2022, Schmutte texted Plaintiff and advised that the Recording and Plaintiff's photograph and caption were being uploaded to various social media sites, continuing to threaten Plaintiff.  The telephone number used for the text message by Schmutte was the same telephone number used by "Jessie" in her text messages, thereby rendering Schmutte personally liable for the claims set forth below.

33.    The posting of the Recording and the photograph of Plaintiff with the caption as alleged above have both received numerous negative and derisive comments directed to Plaintiff including such comments from individuals who are personally known to Plaintiff.  In addition to the negative and derisive comments, there have been suggestions of violence against Plaintiff, including death threats suggestive of, *inter alia*, shooting Plaintiff.

34.    In all of the numerous messages between Plaintiff and "Jessie," Plaintiff never initiated any reference to any sexual encounter.

35.    In all of the numerous text messages between Plaintiff and "Jessie" all suggestive references to any sexual encounter were made only by "Jessie."

7

36.     Plaintiff justifiably relied on Tinder's policies not to permit someone under the age of eighteen (18) to connect with someone over the age of eighteen (18).

37.     As a result of the actions of Schmutte and Predator Catchers as alleged hereinabove, Plaintiff has suffered severe mental distress and humiliation and has incurred significant expense in attempting to minimize the adverse impact of Defendants' actions.

## COUNT 1 – DEFAMATION

38.     The allegations of paragraphs 1 through 36 hereinabove are realleged as if set forth in full.

39.     The actions of Defendants Schmutte and Predator Catchers in posting the Recording and Plaintiff's photograph with captions constitutes a publication.

40.     The materials published by Defendants Schmutte and Predator Catchers are false and defamatory.

41.     The publication of the Recording and Plaintiff's photograph with caption was done knowingly and intentionally with the intent to harm Plaintiff or with such negligence as to amount to reckless indifference.

42.     As a result of such publication, Plaintiff has been damaged as hereinabove alleged..

WHEREFORE, Plaintiff demands judgment for damages from Defendant Schmutte and Predator Catchers plus interest and costs incurred.

## COUNT II – INVASION OF PRIVACY

43.     The allegations of paragraphs 1 through 36 hereinabove are realleged as if set forth in full.

44.     As a result of the actions of Defendants Schmutte and Predator Catchers of establishing a Tinder profile of a fictional person named "Jessie" who used sexually suggestive comments to lure Plaintiff to a location where he was confronted and verbally assaulted by Defendants Schmutte and Predator Catchers, followed by the subsequent posting of the Recording and the Plaintiff's photograph and caption, followed yet again by Defendant Schmutte's initiating contact with Plaintiff and threatening to continue to post the defamatory material constitutes an invasion of Plaintiff Plaintiff's privacy.

45.     As a result of such invasion of privacy, Plaintiff has been damaged as hereinabove alleged.

WHEREFORE, Plaintiff demands judgment for damages against Defendants Schmutte and Predator Catchers plus interest and costs.

## COUNT III – INTENTIONAL INFLICTION OF MENTAL DISTRESS

46.     The allegations of paragraphs 1 through 36 are realleged as if set forth in full.

47.     The conduct of Defendants Schmutte and Predator Catchers was intentional and undertaken with knowledge that Plaintiff would suffer severe mental distress and humiliation.

9

48.     Such conduct as alleged above by Defendants Schmutte and Predator Catchers was outrageous, atrocious and utterly intolerable in a civilized community.

49.     As a result of such conduct by Defendants Schmutte and Predator Catchers, Plaintiff suffered extreme mental distress and humiliation.

WHEREFORE, Plaintiff demands judgment against Defendants for damages for severe mental distress and humiliation plus interest and cost.

## COUNT IV – ASSAULT

50.     The allegations of paragraphs 1 through 36 hereinabove are realleged as if set forth in full.

51.     The confrontation initiated and thereafter continued by Defendant Schmutte against Plaintiff put Plaintiff in great fear of bodily harm or apprehension of physical contact resulting in great bodily harm, constituting an assault.

52.     Defendant Schmutte acknowledged on the video his desire to strike Plaintiff in the face, justifying Plaintiff's fear of bodily harm.

53.     Moreover, the actions of Defendants in falsely posting of the recording and Plaintiff's photograph and caption have caused others to threaten

54.     As a result of the assault by Defendant Schmutte, who had the apparent ability to do great harm, Plaintiff has been damaged as hereinabove alleged.

WHEREFORE, Plaintiff demands judgment for damages against Defendants Schmutte and Predator Catchers plus interest and costs.

## COUNT V – CIVIL REMEDY FOR CYBER CRIME

55.     The allegations of paragraphs 1 through 36 hereinabove are realleged as if set forth in full.

56.     Florida Statutes 815.06, entitled Offenses Against Users of Computer, Computer Systems, Computer Networks and Electronic Devices, prohibits the use of computers and electronic devices to access data of other users of such devices to entice such other users to commit a crime.

57.     Florida Statutes 815.06(5)(a) provides a civil remedy for the users of computers or electronic devices against those who use such devices in violation of the statute.

58.     Florida Statutes 815.06(5)(b) provides that a court may award attorney's fees to the prevailing party in any civil action brought under the statute.

59.     The actions of Defendant Schmutte and Predator Catchers as described above are a violation of Florida Statutes 815.06 *et. seq.* and are therefore liable to Plaintiff Plaintiff for compensatory damages.

60.     As a result of the violation of Florida Statutes 815.06 by Defendants Schmutte and Predator Catchers, Plaintiff has suffered extreme mental distress and humiliation.

WHEREFORE, Plaintiff demands judgment against Defendants for damages for severe mental distress and humiliation, attorney's fees, interest and costs.

Respectfully submitted this 12th day of April, 2022.

GRAYROBINSON, P.A.

By:____/s/ S. Grier Wells_____
S. Grier Wells, Esq.
Florida Bar No. 203238
50 N. Laura Street, Suite 1100
Jacksonville, Florida 32202
Telephone: (904) 598-9929
grier.wells@gray-robinson.com
barbara.rude@gray-robinson.com

Attorney for Plaintiff
John Doe

/13312/1#46406732 v2

12