UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASE NO. 3:22-cv-00414-MMH-LLL

JOHN DOE,
an individual,

        Plaintiff,

v.

PREDATOR CATCHERS, INC.,
a foreign corporation and
ERIC SCHMUTTE, an individual,

        Defendants.
_____/

## PLAINTIFF'S MOTION TO PROCEED ANONYMOUSLY

Plaintiff John Doe, through counsel, respectfully moves this Court for leave to proceed anonymously in this cause. In support of this Motion, Plaintiff shows as follows:

1. Plaintiff acknowledges that Rule 10(a) of the Federal Rules of Civil Procedure ordinarily requires the title of the complaint to name all the parties. However, courts of this District and the Eleventh Circuit have permitted a Plaintiff to proceed anonymously where the Plaintiff can show a substantial right of privacy which outweighs the customary and constitutionally imbedded presumption of openness in judicial proceedings. *Doe v. Frank*, 951 F.2d 320 at 323 (11th Cir. 1992). *See also, Doe v. Swearingen*, Case No. 18-24145-CV-William/Torres (S.D. Fla,. January 3, 2019).

2. Plaintiff's Complaint herein alleges that:

a. Defendants engage in vigilante tactics to entrap purported sexual predators;

b. Plaintiff was the unwitting victim of Defendants' entrapment scheme to cast Plaintiff as a sexual predator;

c. Defendants published false and defamatory information on the internet about its entrapment scheme in which Plaintiff is wrongfully portrayed as a sexual predator;

d. Certain responses from internet users to Defendants' publishing of false and defamatory information has included suggestions that physical violence should be directed to Plaintiff; and

e. Plaintiff is in fear of his safety as the result of such suggestions of violence toward Plaintiff.

3. Plaintiff's Declaration in support of this Motion to Proceed Anonymously is attached. The Declaration attests to the facts set forth in Plaintiff's Complaint and affirms his fears for his safety as well as that of possible bystanders.[1]

4. This Motion and Plaintiff's Declaration support the necessity of proceeding anonymously in this cause. As noted in the Declaration, those accused of sexual offenses are often the target of assaults and even murder. *See* VIGILANTES

---

[1] Plaintiff will submit an Affidavit under seal with an accompanying Motion for Leave to File Under Seal.

ASSAULT, ROB AND MURDER REGISTERED SEX OFFENDERS, Prison Legal News May, 2017.

## MEMORANDUM OF LAW

*Doe v. Frank*, 951 F.2d 320 (11th Cir. 1992) perhaps the seminal case addressing proceeding anonymously, and as noted previously in this motion, observed that the ultimate test for permitting a plaintiff to proceed anonymously is whether the plaintiff has a substantial privacy right which outweighs the "customary and constitutionally-embedded presumption of openness in judicial proceedings," citing *Doe v. Stegall*, 653 F.2d 180 (5th Cir. Unit A, August 1981). Again, drawing on *Stegall*, the *Frank* court went on to enumerate circumstances common to the "Doe Cases," factors deserving of consideration but not a rigid three step test: (1) whether the Plaintiff seeking anonymity is challenging government activity; (2) whether the Plaintiff must disclose information of the utmost intimacy, and (3) whether the Plaintiff will be compelled to admit legal conduct thus risking criminal prosecution. Of those factors, only the second, whether the Plaintiff must disclose information of the utmost intimacy, is involved here.

In *Frank*, a former postal service employee was suing the postal service for unlawful discrimination on the basis of his claimed physical handicap, alcoholism. Plaintiff sought to proceed anonymously, contending that disclosure of his alcoholism would lead to embarrassment.

To Doe's contention that the disclosure of his alcoholism would be an embarrassment, the Court noted that "divulging personal information of the utmost

3

intimacy or having to admit an intent to engage in prohibited conduct are proper factors to consider when a Plaintiff requests anonymity (citation omitted) but the fact that Doe may suffer some personal *embarrassment*, standing alone, does not require the granting of his request to proceed under a pseudonym." The Court then noted that "[a] plaintiff should be permitted to proceed anonymously only in those exceptional cases involving matters of a *highly sensitive and personal nature, real danger of physical harm* or whether injury litigated against would be incurred as the result of the disclosure of the Plaintiff's identity.

Of particular import to the instant case, in *Doe v. Swearingen*, Case No. 18-24145-CIV-Williams/Torres (S.D. Fla. January 3, 2019), registered sex offenders challenged Florida's sexual offender registration requirements. Moving to proceed anonymously, Plaintiffs claimed that they had a substantial privacy right that outweighed any need for their identities to be disclosed, alleging that they belong to one of the most reviled group of people in the community whose members experience harassment, ostracism, hostility and violent vigilantism because of public notifications. Addressing the issue of disclosure of intimate information, the Court observed that without anonymity, the names of plaintiffs will appear on all legal documents concerning the lawsuit and require plaintiffs to identify themselves thereby publicly reaffirming their status as sex offenders. Citing *Doe 1 v. Strange*, No. 2:15-cv-606-WKW, 2016 WL 1168487 (M.D. Ala. March 24, 2016), the Court noted that anonymous plaintiffs would be able to proceed free from fear that members of the general public will use information to track them down.

4

The Court in *Swearingen* also addressed plaintiffs' exposure to physical violence. Although the defendant challenged the validity of physical violence as a basis for anonymity, noting that plaintiff alleged only a single incident of violence which did not suggest a likelihood of harm, the Court rejected defendant's argument and concluded that the totality of the incidents of violence against several plaintiffs weighed in favor of anonymity. Significantly, the Court in *Swearingen* cited to the decision in *Strange* because cases such as *Swearingen* represent "a stigma that ventures beyond the realm of mere personal embarrassment. *Strange* at 2.

Plaintiff here acknowledges that he has not yet suffered actual physical violence. Moreover, as in *Swearingen*, he is *not* a registered sex offender (*nor* a sex offender of any type). However, Defendant Schmutte personally threatened to smash him in the face. Moreover, he is falsely portrayed in social media as a sexual predator seeking to have sex with a thirteen (13) year old which has generated suggestions that physical violence should be committed against him. The Facebook post that "one bullet fixes that problem" could very well be acted upon by some individual who has the same vigilante mentality as Defendants, who may not care or make the distinction as to whether Plaintiff is a registered sex offender, if Plaintiff is required to proceed in his own name.

Allowing Plaintiff to proceed anonymously will not prejudice Defendants nor create an uneven playing field for Defendants. As noted in *Swearingen*, the Defendants here already know who Plaintiff is and even where he lives. All the relevant facts

5

related to the case are set forth in Plaintiff's Complaint and will be appropriately litigated, as suggested in *Swearingen*.

## CONCLUSION

With this Motion and the accompanying Declaration, Plaintiff has shown a substantial right of privacy which outweighs the customary and constitutionally embedded presumption of openness in judicial proceedings, thereby establishing the propriety of allowing Plaintiff to proceed anonymously. Of the *Frank* factors to be considered in the face of a motion to proceed anonymously, the disclosure of information of the utmost intimacy is clearly met if Plaintiff is required to proceed in his own name in a case with such charged overtones and the threats of physical violence. The actions of Defendants impel vigilantism and are in the very heart of this case. Similar vigilantism has been shown to result in heinous crimes against those portrayed as sexual predators.

Defendants, who are well aware of Plaintiff's true identity, will not be prejudiced nor will the public be unfairly deprived of its right to access to the courts.

WHEREFORE, Plaintiff, John Doe, respectfully requests that the Court grant this motion to proceed anonymously and enter such other further orders as may be appropriate to further such anonymity.

Respectfully submitted this 26th day of April, 2022.

## LOCAL RULE 3.01(g) and FED. R. CIV.P. 26(c) CERTIFICATION

Defendants are in the process of being served with the Complaint. Counsel for Plaintiff will confer with Defendants once they have been served.

                                      GRAYROBINSON, P.A.

                                      By:   /s/ S. Grier Wells
                                      S. Grier Wells, Esq.
                                      Florida Bar No. 203238
                                      50 N. Laura Street, Suite 1100
                                      Jacksonville, Florida 32202
                                      Telephone: (904) 598-9929
                                      grier.wells@gray-robinson.com
                                      barbara.rude@gray-robinson.com

                                      Attorney for Plaintiff
                                      John Doe

/13312/1#47158454 v1