UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASE NO. 3:22-cv-00414-MMH-LLL

JOHN DOE,
an individual,

        Plaintiff,

v.

PREDATOR CATCHERS, INC.,
a foreign corporation and
ERIC SCHMUTTE, an individual,

        Defendants.
_____/

### PLAINTIFF'S MOTION FOR LEAVE TO FILE UNDER SEAL

Plaintiff John Doe, through counsel, respectfully moves this Court for entry of an order permitting Doe to file under seal his affidavit in support of his Motion to Proceed Anonymously.

Plaintiff's Motion to Proceed Anonymously is predicated on Plaintiff's substantial privacy right which outweighs the customary and constitutionally embedded presumption of openness in judicial proceedings, a principle articulated in *Doe v. Frank*, 951 F.2d 320 at 323 (11th Cir. 1992). The Affidavit to be filed under seal, a copy of which has been provided to the Court under seal, supports the Motion to Proceed Anonymously, is submitted in Plaintiff's real name and unless filed under seal, would moot the Motion to Proceed Anonymously.

## MEMORANDUM OF LAW

When addressing a Motion to File Under Seal, courts must balance a party's interest in keeping confidential the information which is the subject of the motion against the public interest in accessing court documents. *See Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2005); *Chicago Tribune Company v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1314-1315 (11th Cir. 2001). Whether denying access would impair court functions or allowing access would harm legitimate privacy interests, the degree and likelihood of injury if made public, the reliability of the information to be protected, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns and the availability of a less onerous alternative to sealing the documents are all considerations for the court. *Romero*, 480 F.3d at 1246. "A party's *privacy* or proprietary interest and information sometimes overcomes the interest of the public in accessing the information" was recognized by the court in *Romero*.

In the instant case, the affidavit to be filed under seal establishes good cause not only for the affidavit to be filed under seal but also in support of Doe's Motion to Proceed Anonymously. Given the actions of Defendants in falsely portraying Doe as a sexual predator, Defendant Schmutte's threat to strike Plaintiff in the face, the suggestions of violence that have been directed towards Doe and Doe's legitimate fear for his safety and perhaps for those around him "overcome the interest of the public in accessing the information" as articulated in *Romero*.

## CONCLUSION

Based on the foregoing, Plaintiff respectfully requests this Court for entry of an order permitting his affidavit under his real name to be filed under seal and enter such other further orders as may be appropriate to further such anonymity.

Respectfully submitted this 26th day of April, 2022.

### LOCAL RULE 3.01(g) and FED. R. CIV.P. 26(c) CERTIFICATION

Defendants are in the process of being served with the Complaint. Counsel for Plaintiff will confer with Defendants once they have been served.

GRAYROBINSON, P.A.

By: /s/ S. Grier Wells
S. Grier Wells, Esq.
Florida Bar No. 203238
50 N. Laura Street, Suite 1100
Jacksonville, Florida 32202
Telephone: (904) 598-9929
grier.wells@gray-robinson.com
barbara.rude@gray-robinson.com

Attorney for Plaintiff
John Doe

/13312/1#47197632 v1

3