IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JOHN DOE, an individual,

 Plaintiff,

v.            Case No.: 3:22-cv-00414-MMH-LLL

PREDATOR CATCHERS, INC.,
a foreign corporation and ERIC
SCHMUTTE, an individual,

 Defendants.
_____/

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION
TO PROCEED ANONYMOUSLY AND TO PLAINTIFF'S MOTION
FOR LEAVE TO FILE UNDER SEAL**

Defendants, PREDATOR CATCHERS, INC. and ERIC SCHMUTTE ("Defendants"), pursuant to the Endorsed Order entered on August 15, 2022, directing Defendants to file responses to Plaintiff's Motion to Proceed Anonymously and to Plaintiff's Motion Leave to File Under Seal, hereby file this Opposition to both Motions and in support thereof, state the following:

**I. Plaintiff's Allegations**

1. Plaintiff alleges he is an individual residing in Duval County, while Defendants are citizens of the State of Indiana. *See* Compl. at ¶¶ 2–3.

2. Plaintiff also alleges that while in Duval County, Florida, he began exchanging text messages and pictures with a female whom he believed was at least eighteen (18) years of age. *Id.* at ¶¶ 17–23.

3. Plaintiff alleges that after messaging this female, the pair agreed to meet at her grandma's house, where he was greeted by a female "who was clearly an adult." *Id*. at ¶¶ 21, 23–24.

4. Nothing in the Complaint references any intimate information about Plaintiff or indicates that he pursued a minor to engage in sexual activity. On the contrary, Plaintiff alleges he was assured that the female he was texting with and visited in person was an adult and that at no time did he initiate any reference to a sexual encounter with the female.

5. In fact, Plaintiff alleges that Defendant, Eric Schmutte ("Mr. Schmutte"), admits in the video that was posted online that "there was no case against Plaintiff." *Id.* at ¶ 26.

6. Plaintiff alleges Defendants posted the video and a picture of Plaintiff online, prompting other people to post negative, derisive, and threatening comments towards Plaintiff. *Id.* at ¶ 33.

7. Plaintiff also alleges that due to the posting of the video, he has been damaged—albeit he does not allege to what extent and in what specific manner. *Id.* at ¶ 42.

8. Plaintiff further alleges he has suffered "extreme mental distress and humiliation." *Id.* at ¶ 49. However, nowhere does Plaintiff allege or show how any comments amounted to any real threats of violence that a reasonable person would find imminent.

9. Additionally, at no point does Plaintiff allege his personal contact information was revealed or made public.

## II. <u>Memorandum of Law Regarding Proceeding Anonymously</u>

Rule 10(a), Federal Rules of Civil Procedure, requires that "every pleading" in federal court "must name all the parties." *Fed. R. Civ. P.* 10(a). "This rule serves more than administrative convenience. It protects the public's legitimate interest in knowing all of the facts involved, including the identities of the parties." *Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992) (citing *Doe v. Rostker*, 89 F.R.D. 158, 160 (N.D. Cal.1981)). "It is the exceptional case in which a plaintiff may proceed [with a lawsuit] under a fictitious name." *Id.* This creates a strong presumption in favor of parties proceeding in their own names. *Plaintiff B v. Francis*, 631 F.3d 1310, 1315 (11th Cir. 2011). Defendants have the right to know who their accusers

3

are, as they may be subject to embarrassment or fundamental unfairness if they do not. *Id.* Where a party can demonstrate that his substantial privacy right outweighs the presumption of open judicial proceedings, however, he may proceed anonymously. *Id.* at 1315–16 (11th Cir. 2011).

A party may proceed anonymously in a civil suit in federal court by showing that he "has a substantial privacy right which outweighs the 'customary and constitutionally-embedded presumption of openness in judicial proceedings.'" *Frank*, 951 F.2d at 323 (quoting *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981)). In evaluating whether a plaintiff has shown that he has such a right, courts "should carefully review all the circumstances of a given case and then decide whether the customary practice of disclosing the plaintiff's identity should yield to the plaintiff's privacy concerns." *Id.* (citing *S. Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 713 (5th Cir. 1979)).

Resolving a motion to proceed anonymously requires examination of all the circumstances surrounding the case. *Plaintiff B*, 631 F.3d at 1316. The court must engage in a balancing test, weighing and considering the following three factors: (1) whether the plaintiffs are seeking anonymity challenging governmental activity; (2) whether the plaintiffs will be required to disclose information of the utmost intimacy; and (3) whether the plaintiffs will be compelled to admit that they

4

intend to engage in illegal conduct. *Id*. *See also*, *Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992) (citing *S. Methodist Univ. Ass'n of Women Law Students*, 599 F.2d at 712).

Courts have found "utmost intimacy" in cases involving issues such as abortion, *Roe v. Aware Woman Center for Choice, Inc.*, 253 F.3d 678, 685 (11th Cir. 2001), and prayer and personal religious beliefs, *Stegall*, 653 F.2d at 186. On the other hand, courts have denied the protection of anonymity in cases involving sexual assault, even when revealing the plaintiff's identity may cause one to suffer personal embarrassment. *Frank*, 951 F.2d at 324. *See*, *e.g.*, *Doe v. Del Rio*, 241 F.R.D. 154, 159–62 (S.D.N.Y.2006) (holding that plaintiffs alleging sexual abuse by police officer could not proceed anonymously); *Doe v. Shakur*, 164 F.R.D. 359, 360–62 (S.D.N.Y.1996) (denying motion by plaintiff suing hip-hop artist for brutal sexual assault requesting to remain anonymous).

The Middle District has allowed filing under anonymity when suing the government and on the grounds that the subject matter of the lawsuit (COVID vaccine mandate) delved into deeply held religious beliefs. *Navy Seal 1 v. Austin*, No. 8:21-CV-2429-SDM-TGW, 2022 WL 520829, (M.D. Fla. Feb. 18, 2022). *See also*, *M.J. v. Jacksonville Hous. Auth.*, No. 3:11-CV-771-J-37MCR, 2011 WL 4031099, at *2 (M.D. Fla. Sept. 12, 2011) (involving a plaintiff suing the

5

Jacksonville Housing Authority and the City of Jacksonville for the unlawful disclosure of a juvenile arrest report that was confidential and relying on the Eleventh Circuit's instructions that a plaintiff should only be permitted to proceed anonymously in exceptional cases involving matters highly sensitive in nature, creating actual danger of physical harm, or *where the injury being litigated would be incurred due to the disclosure of the plaintiff's identity*) (emphasis added).

In his Motion, Plaintiff relies heavily on the case of *Doe v. Swearingen*, No. 18-24145-CIV, 2019 WL 95548, at *2 (S.D. Fla. Jan. 3, 2019), where the plaintiffs sought to proceed anonymously because they were five registered sex offenders who were challenging the constitutionality of Florida's registration statute, notably suing the Commissioner of the Florida Department of Law Enforcement. *Id.* Not only were the plaintiffs suing a government entity, but the court also found that by requiring plaintiffs to be named in the case, they would have to publicly reaffirm their status as sex offenders, and this would be an additional, unnecessary burden on them while they were merely seeking to challenge the constitutionality of a statute. *Id.*

The *Swearingen* court expressed concern that by plaintiffs stating their names in the case, members of the public would then be able to look up their addresses in the sexual offender database and "track them down individually." *Id.*

6

Finally, the court also noted that the plaintiffs faced a real threat of physical harm due to plaintiffs having already suffered physical attacks and vandalism to their personal property. *Id.* at 5 (noting men had assaulted one of the plaintiffs, that his car windows had been smashed and his tires and windshield had been damaged, while another plaintiff had eggs thrown against his property while being called a "raper.")

*Swearingen* is distinguishable from the instant case, as Plaintiff is not suing a government entity; he is not a registered sex offender whose personal contact information is listed in a public database; and he is filing this Action to exonerate himself—not to concede to the status of a registered sex offender, like the plaintiffs in *Swearingen*. Furthermore, Plaintiff admits in his Motion that he has suffered no physical violence. It has been several months since the alleged encounter occurred between the Parties, and Plaintiff lives hundreds of miles from Defendants, thus significantly reducing—if not eliminating—the likelihood of actual harm being inflicted on Plaintiff.

Plaintiff simply cannot meet the factors necessary to proceeding anonymously, as he will not be forced to reveal the utmost of intimate details, and he has not demonstrated any actual or credible threat of physical violence toward him. Plaintiff's failure to present a substantial privacy right that outweighs the

"customary and constitutionally-embedded presumption of openness in judicial proceedings," warrants a denial of Plaintiff's Motion to Proceed Anonymously.

### III. Memorandum of Law Regarding Filing Under Seal

Plaintiff predicates the success of his Motion for Leave to File Under Seal on the position that he has a "substantial privacy right that outweighs the 'customary and constitutionally-embedded presumption of openness in judicial proceedings." However, as established above, Plaintiff failed to meet the burden of proving such a substantial privacy right.

The Declaration of John Doe, which Plaintiff seeks to seal, presents no information that involves legitimate privacy interests, nor any instance of violence or likelihood of physical injury being inflicted upon Plaintiff. Notably, Plaintiff sites the case of *Romero v. Drummond Col, Inc.*, 480 F.3d 1234 (11th Cir. 2005), which requires the balancing of these factors. However, Plaintiff's Declaration reveals no private information that would implicate any of these factors. Plaintiff failed to provide sufficient support for sealing his Declaration or any other documents in this Action. Therefore, the Motion for Leave to File Under Seal should also be denied.

WHEREFORE, Defendants respectfully request this Court: (i) deny Plaintiff's Motion to Proceed Anonymously; (ii) deny Plaintiff's Motion to File

Under Seal; (iii) require the Case Style of this Action to be amended to state the full legal name of Plaintiff; and (iv) grant any further relief this Court deems just and proper.

                                          **JIMERSON BIRR, P.A.**

By: _____
      Brandon C. Meadows
      Florida Bar No. 114246
      bmeadows@jimersonfirm.com
      Theresa Carli Pontieri
      Florida Bar No. 111403
      tpontieri@jimersonfirm.com
      One Independent Drive
      Suite 1400
      Jacksonville, FL 32202
      Telephone: (904) 389-0050
      Facsimile: (904) 212-1269
      jenniferf@jimersonfirm.com
      fileclerk@jimersonfirm.com
      *Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I CERTIFY that the foregoing document was electronically filed with the U.S. District Court on this 30th day of August, 2022, via CM/ECF and was served this day on all counsel and all parties entitled to notice via CM/ECF and/or U.S. Mail.

_____
Attorney