## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

JOHN DOE, an individual,

     Plaintiff,

v.                              Case No.: 3:22-cv-00414-MMH-LLL

PREDATOR CATCHERS, INC.,
a foreign corporation and ERIC
SCHMUTTE, an individual,

     Defendants.

_____/

## DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT, OR IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT

Defendants, PREDATOR CATCHERS, INC. and ERIC SCHMUTTE (collectively "Defendants"), by and through the undersigned counsel, and pursuant to Section 12(b), Federal Rules of Civil Procedure, hereby file this Motion to Dismiss Plaintiff's Complaint, or in the Alternative, for a More Definite Statement. In support thereof, Defendants state the following:

### I.    INTRODUCTION

Plaintiff has brought fourth a five-count Complaint that asks this Court to grant relief that is wholly unsupported by both his alleged facts and the law. Additionally, Plaintiff has insufficiently pled damages that would confer jurisdiction on this Court. Plaintiff has omitted entire sets of elements for most of

his claims and has omitted supportive facts to satisfy said elements for every cause of action raised. Plaintiff's primary claim is for defamation, which was allegedly committed by Defendants when they posted a video of Plaintiff texting—allegedly innocuously—with an adult female before agreeing to meet her in person. It is curious, therefore, how defamation could have been committed by Defendants when the video that Plaintiff claims is completely harmless was posted online for people to watch and gauge said innocence for themselves. If Plaintiff is correct that his actions were legal and innocent, the video would reveal that fact; if, however, Plaintiff is incorrect and his actions amount to unsavory behavior, then the video would itself provide the defense of truth to Plaintiff's claims—thereby defeating the very claim Plaintiff asserts the posting of the video commits.

Furthermore, while asking this Court to grant damages for defamation, Plaintiff has failed to provide facts showing he has in fact been damaged, or how his damages amount to the threshold needed for this Court to exercise jurisdiction over this Action. Plaintiff's tertiary claims are equally unsupported by facts, the law, and evidence of actual damages. For the foregoing reasons and as further argued in this Motion, the Complaint should be dismissed.

## II.   PLAINTIFF'S ALLEGATIONS

### A.   Procedural and Jurisdictional Allegations.

1.     Plaintiff has brought fourth a five-count Complaint for the following causes of action: (1) Defamation; (2) Invasion of Privacy; (3) Intentional Infliction of Emotional Distress; (4) Assault; and (5) Civil Remedy for Cyber Crime. *See generally*, Compl. Plaintiff has purportedly brought forth all claims against both Defendants, however, this is unclear from the face of the Complaint.

2.     Plaintiff alleges Defendant, Eric Schmutte ("Schmutte"), is the founder and president of Defendant, Predator Catchers, Inc. ("Predator Catchers"), and is "responsible for the planning and coordination of Predator Catchers' activities and personally directs and participates in Predator Catchers' activities." Compl. at ¶ 11.

3.     Plaintiff has alleged this Court has jurisdiction over this cause pursuant to 28 U.S.C. 1332(a), due to the Parties being citizens of different states and the amount in controversy allegedly exceeding $75,000.00. Compl. at ¶ 5.

### B.   Pertinent Factual Allegations

4.     Plaintiff describes Predator Catchers as a group that uses "confrontational and vigilante tactics" to investigate, identity, and publicly expose sexual predators, specifically those preying on minors. *Id.* at ¶ 10.

5.      Plaintiff alleges the activities of Predator Catchers include setting up false profiles on internet dating sites that are "used to lure responding individuals ("Responders") into potential sexual encounters, accusing the Responders of attempting to engage in sexual encounters with minors and then exposing the Responders on the internet" through online platforms, such as YouTube, Facebook, and TikTok. *Id.* at ¶ 12.

6.      Plaintiff also maintains that Predator Catchers has a website that it posts its activities on, which is accessed by its followers, and which has a message board, where followers post comments regarding the activities and conduct of Predator Catchers exposing alleged sexual predators. *Id.* at ¶ 13.

7.      Plaintiff admits that while in Duval County, Florida, he began exchanging text messages and pictures with a female named "Jessie," whom he believed was at least eighteen (18) years of age. *Id.* at ¶¶ 17–23.

8.      Plaintiff maintains that the text messages demonstrate that "Jessie" was being suggestive and attempting to entice Plaintiff into a sexual encounter, while Plaintiff responded with caution to "Jessie's" suggestive messages. *Id.* at ¶ 20.

4

9.      In addition to texting with "Jessie," Plaintiff states "Jessie" sent five (5) photographs of herself to Plaintiff, and these pictures "clearly depict someone who is not a minor." *Id.* at ¶ 22.

10.     Plaintiff alleges that after messaging "Jessie," the pair agreed to meet at her grandma's house, where he was greeted by a female "who was clearly an adult." *Id*. at ¶¶ 21, 23–24.

11.     Plaintiff explains that after he arrived at "Jessie's" grandma's house, he was confronted by Mr. Schmutte, who began videotaping him, as a part of a 48-minute video recording, during which Mr. Schmutte admits that "there was no case against Plaintiff." *Id.* at ¶¶ 24, 26.

12.     According to Plaintiff, the full 48-minute video recording, which included a recitation of all text messages, was posted online to various internet sites, which "*upon information and belief*, has been viewed by several thousand viewers," and Defendants posted a picture of Plaintiff with a caption referencing Plaintiff being 38 years of age and "the decoy" (Jessie) being 13 years of age. *Id.* at ¶¶ 29-30. (emphasis added).

13.     Plaintiff then asserts that Mr. Schmutte made himself personally liable in this Action when he texted Plaintiff from "Jessie's" phone number, telling

Plaintiff that the video recording they took was online on various social media sites. *Id.* at ¶ 32.

14.    Plaintiff alleges Defendants posted the video and a picture of Plaintiff online, prompting other people—some of whom are personally known to Plaintiff—to post negative, derisive, and threatening comments towards Plaintiff. *Id.* at ¶ 33.

15.    Plaintiff alleges that due to the actions of Defendants, Plaintiff "has suffered severe mental distress and humiliation and has incurred significant expense in attempting to minimize the adverse impact of Defendants' actions." *Id.* at ¶ 37.

16.    Plaintiff also alleges that due to the posting of the video, he has been damaged—albeit he does not allege how, to what extent, and in what specific manner. *Id.* at ¶ 42.

17.    Plaintiff further alleges he has suffered "extreme mental distress and humiliation." *Id.* at ¶ 49. However, nowhere does Plaintiff allege or show how any comments amounted to any real threats of violence that a reasonable person would find imminent.

18.    Additionally, at no point does Plaintiff allege his personal contact information was revealed or made public by Defendants.

6

### III.   MEMORANDUM OF LAW

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). A cause of action has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the actions alleged. *Id.* The plausibility standard asks for more than a mere possibility that a defendant has acted unlawfully. *Id.*

Recitations of the elements of a cause of action, which are merely supported by conclusory statements, do not suffice. *Twombly*, 550 U.S. at 555, 127 S. Ct. 1955 (recognizing that while for the purposes of a motion to dismiss the court must take all factual allegations in the complaint as true, the court is "not bound to accept as true a legal conclusion couched as a factual allegation"). Only a complaint that states a plausible claim for relief can survive a motion to dismiss, and where the pled facts do not present "more than the mere possibility of misconduct," the complaint has alleged—but it has not actually shown—that the pleader is entitled to relief. *Ashcroft*, 556 U.S. at 679 (citing *Fed. Rule Civ. Proc.* 8(a)(2)).

7

As further specified for each cause of action below, Plaintiff has failed to plead facts necessary to meet the elements of the claims he has brought forth, and in fact, his own allegations in the Complaint preclude him from receiving relief from this Court. For the reasons further stated herein, this Action should be dismissed.

**A.  This Court lacks subject matter jurisdiction, as Plaintiff has merely stated in a conclusory manner that his damages exceed $75,000.00 but has failed to provide factual support for such an empty allegation.**

District courts have original jurisdiction over civil actions where the matter in controversy exceeds the sum or value of $75,000 and is between citizens of different States. 28 U.S.C.A. § 1332 (West). The determination of whether the requisite amount in controversy exists is a federal question; however, "[s]tate law is relevant to this determination insofar as it defines the nature and extent of the right plaintiff seeks to enforce". *Duderwicz v. Sweetwater Sav. Ass'n*, 595 F.2d 1008, 1012 (5th Cir. 1979) (citing *Johns-Manville Sales Corp. v. Mitchell Enterprises*, Inc., 417 F.2d 129, 131 (5th Cir. 1969)). Dismissal of a diversity action for lack of jurisdiction is justified where it appears to that a plaintiff cannot recover the jurisdictional amount. *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 288-89, 58 S. Ct. 586, 590, 82 L.Ed. 845 (1938). When the jurisdictional amount is not satisfied, the Court must dismiss the action for lack of

subject matter jurisdiction. *See*, *e.g.*, *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 289, 58 S. Ct. 586, 590, 82 L.Ed. 845 (1938) (where "from the face of the pleadings it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed . . . the suit will be dismissed"); *Sanchez–Arroyo v. Eastern Airlines Inc.*, 835 F.2d 407 (1st Cir.1987) (finding a lack of subject matter jurisdiction due to the inability to recover threshold amount of damages and thus affirming summary judgment based on same).

In this Action, Plaintiff has alleged in a conclusory manner and with no factual support whatsoever that he has been damaged in an amount of at least $75,000.00. Plaintiff has not only failed to provide any specific money damages incurred due to Defendants' actions, but he has also failed to provide any facts that could assist the Court in assessing and calculating the damages to award to Plaintiff. Plaintiff's conclusory statements generally stating he has been damaged in an amount of at least $75,000.00, without any factual support for same, is insufficient to confer jurisdiction on this Court. Therefore, this Action should be dismissed for lack of subject matter jurisdiction.

**B.** **Plaintiff has failed to allege a cause of action for piercing the corporate veil, and all alleged actions taken by Mr. Schmutte were done so in his capacity as owner of Predator Catchers, thus precluding him from being pursued in his personal capacity.**

Florida has adopted the corporate shield doctrine. *Rensin v. State*, 18 So. 3d 572, 574 (Fla. 5th DCA 2009) (citing *Doe v. Thompson*, 620 So. 2d 1004, 1005 (Fla. 1993)). Under that doctrine, acts of a corporate employee performed in his corporate capacity do not form the basis for jurisdiction over the corporate employee in his individual capacity. *Id.* The corporate shield doctrine applies to individuals acting in a representative capacity on behalf of a business entity. *Id.* n. 1; *Carter v. Estate of Rambo*, 925 So. 2d 353, 256 (Fla. 5th DCA 2006).

Under Florida law, a corporate officer may not be held individually liable for actions taken in his or her capacity as an officer for a business entity, unless the corporate veil was pierced, or the corporate entity should be ignored because it was found to be formed or used for fraudulent purposes, or where the corporation was merely the alter ego of the officer. *Fed. Deposit Ins. Corp v. VRG Appraisals, Inc.*, 2013 WL 12156110, at *2 (M.D. Fla. 2013) (citing *Ryan v. Wren*, 413 So. 2d 1223, 1224 (Fla. 2d DCA 1982)). To pierce the corporate veil, three factors must be alleged and proven: (1) the shareholder dominated and controlled the corporation to such an extent that the shareholders were alter egos of the corporation; (2) the

corporate was used fraudulently or for an improper purpose; and (3) the fraudulent or improper use of the corporate form caused injury to the claimant. *Gasparini v. Pordomingo*, 972 So. 2d 1053, 1055 (Fla. 3d DCA 2008).

A plaintiff must plead sufficient facts to pierce the corporate veil. *See S-Fer Int'l, Inc. v. Stonesheets, LLC*, No. 14-24662-CIV, 2016 WL 8808749, at *3 (S.D. Fla. July 22, 2016) (granting defendant's motion to dismiss because the plaintiff failed to allege any facts that the individual defendant "dominated and controlled [the business] to such an extent that their independent existence was in fact nonexistent and [the business was the defendant's] alter ego"); *Oginsky v. Paragon Properties of Costa Rica LLC*, 784 F. Supp. 2d 1353, 1374 (S.D. Fla. 2011) (granting the defendant's motion to dismiss because the plaintiffs did not allege "any facts related to the improper formation or use of any corporations by any of the individual defendants.").

In the case at bar, Plaintiff has failed to allege necessary facts to impose personal liability on Mr. Schmutte. Plaintiff alleged Mr. Schmutte is the founder and president of Predator Catchers, plans and coordinates Predator Catchers' activities, and directs and participates in Predator Catchers' activities. Compl. at ¶ 11. Plaintiff's only allegation regarding the personal liability of Mr. Schmutte was in paragraph 32, where he alleged that due to the phone number texting from

11

"Jessie" to Plaintiff allegedly being a phone number belonging to Mr. Schmutte, he is personally liable for the claims set forth in Plaintiff's Complaint. At no point does Plaintiff allege any actions taken by Mr. Schmutte were taken in any capacity other than as founder and president of Predator Catchers who—in Plaintiff's own words—participates in the actions of his company.

Furthermore, Plaintiff has failed to connect any alleged facts with the three elements that must be alleged and proven in order to pierce the corporate veil: (1) that Mr. Schmutte dominated and controlled the corporation to such an extent that he was an alter ego of the corporation; (2) that Predator Catchers was used fraudulently or for an improper purpose; and (3) the fraudulent or improper use of Predator Catchers caused injury to the Plaintiff. As Plaintiff has failed to plead necessary facts and elements in order to pierce the corporate veil and hold Mr. Schmutte personally liable, this Action should be dismissed with prejudice against Mr. Schmutte.

## C.   Plaintiff has failed to plead damages incurred due to defamatory statements allegedly made by Defendants, and Plaintiff's own allegations defeat his claim that Defendants defamed him.

A claim for defamation contains the following four elements: (1) publication; (2) falsity; (3) actor must act with knowledge or at least negligently on a matter concerning a private person; and (4) actual damages. *Jews For Jesus, Inc.*

*v. Rapp*, 997 So. 2d 1098, 1106 (Fla. 2008). *See also*, *Thomas v. Jacksonville Television, Inc.*, 699 So. 2d 800, 803–04 (Fla. 1st DCA 1997) (providing the elements of a defamation claim as follows: "(a) a false and defamatory statement concerning another; (b) an unprivileged publication to a third party; (c) fault amounting at least to negligence on the part of the publisher; and (d) either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication.") (quoting Restatement (Second) of Torts § 558 (1977)). Under Florida law, a non-public figure plaintiff must establish that the defendant published the alleged false and defamatory statements with negligence—i.e., without reasonable care as to whether the alleged false and defamatory statements were actually true or false. *Miami Herald Pub. Co. v. Ane*, 423 So. 2d 376, 378 (Fla. 3d DCA 1982), *approved*, 458 So. 2d 239 (Fla. 1984).

Not only has Plaintiff failed to specify which statements made by Defendants were false and defamatory, Plaintiff has also failed to allege in what manner he has been damaged. He has not proffered a single allegation showing damages, such as loss of employment or incurrence of discrimination. Additionally, it's important to note that Plaintiff alleges a video transcribing his entire interaction with both "Jessie" and Mr. Schmutte was posted online by Defendants, which presumably—if Plaintiff's allegations are taken as true—shows

the entire event, including Plaintiff *not* pursuing an underaged female for sexual purposes. Plaintiff maintains that the text messages demonstrate that "Jessie" was being suggestive and attempting to entice Plaintiff into a sexual encounter, while Plaintiff responded with caution to "Jessie's" suggestive messages. This would seem to reveal itself during the video Predator Catchers posted online, thereby revealing to those visiting the site what occurred between Plaintiff and "Jessie."

Plaintiff alleges that after messaging "Jessie," the pair agreed to meet at her grandma's house, where he was greeted by a female "who was clearly an adult," and after he arrived at "Jessie's" grandma's house, he was confronted by Mr. Schmutte, who was video-taping him and whom said on the videotape, "there was no case against Plaintiff." According to Plaintiff, the full 48-minute video recording was posted online to various internet sites, which "upon information and belief, has been viewed by several thousand viewers." If what Plaintiff alleges occurred between he and "Jessie" did in fact occur, it would have been captured on the video that Predator Catchers posted online, thereby exposing the truth and precluding Defendants from the ability to defame Plaintiff.

While Plaintiff alleges that due to the actions of Defendants, Plaintiff "has suffered severe mental distress and humiliation and has incurred significant expense in attempting to minimize the adverse impact of Defendants' actions," he

has failed to provide any actual facts showing how he has suffered these damages. Additionally, although Plaintiff alleges he has suffered "extreme mental distress and humiliation," due to people commenting on the posted video, nowhere does Plaintiff allege that any comments amounted to any real threats of violence that a reasonable person would find imminent. Importantly, at no point does Plaintiff allege his personal contact information was revealed or made public.

As Plaintiff's allegations fail to state what comments of Defendants are false and defamatory, and as Plaintiff has failed to show how he has been damaged by any defamatory statements made by Defendants, this Action should be dismissed.

**D.** **Plaintiff has failed to specify the type of invasion of privacy allegedly committed and has failed to sufficiently allege the elements for its invasion of privacy cause of action, leaving this Court and Defendants left to guess as to how his privacy has been invaded.**

Florida law generally recognizes four types of invasion of privacy: (1) False Light; (2) Public Disclosure; (3) Intrusion, and (4) Appropriation. While Plaintiff has failed to specify which type of invasion of privacy Defendants have allegedly committed, it seems Plaintiff is attempting to allege a cause of action for invasion of privacy by public disclosure of private facts. The Restatement (Second) of Torts states this tort has been committed when a person gives publicity to a matter concerning the private life, "where the matter publicized is of a kind that (a) would

15

be highly offensive to a reasonable person, and (b) is not a legitimate concern to the public." *Cape Publications, Inc. v. Hitchner*, 549 So. 2d 1374, 1377 (Fla. 1989) (citing Restatement (Second) of Torts § 652D (1977)). The elements for this type of invasion of privacy are as follows: (1) the publication; (2) of private facts; (3) that are offensive; and (4) are not of public concern. *Id.*

In this Action, Plaintiff has failed to allege what type of invasion of privacy he is pursuing and has wholly failed to allege the elements for same or present facts that would meet said elements. Nowhere does Plaintiff state Defendants have publicized private facts about him that are both offensive and not of public concern. Furthermore, Defendant's alleged publication of Plaintiff's pursuit of a minor is in fact a matter of public concern, thus defeating the fourth element of invasion of privacy. Plaintiff has failed to sufficiently plead a cause of action for invasion of privacy, warranting dismissal of this claim. Moreover, because Plaintiff cannot meet the elements for invasion of privacy based on what is currently pled, this claim should be dismissed with prejudice.

**E.** **Plaintiff has alleged insufficient facts to meet the elements of intentional infliction of emotional distress.**

To prove intentional infliction of emotional distress, the plaintiff must allege and prove the following elements: (1) the wrongdoer's conduct was intentional or

reckless—that is, the behavior was known or should have been known to be that which would likely cause emotional distress; (2) the conduct was outrageous—that is, to go beyond all bounds of decency, and to be regarded as odious and utterly intolerable in a civilized community; (3) the conduct in fact caused emotional distress; and (4) the emotional distress was severe. *LeGrande v. Emmanuel*, 889 So. 2d 991, 994 (Fla. 3d DCA 2004). What constitutes outrageous conduct is a question of law. *De La Campa v. Grifols Am., Inc.*, 819 So. 2d 940, 943 (Fla. 3d DCA 2002) ("What constitutes outrageous conduct is a question for the trial court to determine as a matter of law.") A plaintiff's "subjective response" to the aggrieved-of conduct "does not control the question of whether the tort of intentional infliction of emotional distress occurred." *Liberty Mut. Ins. Co. v. Steadman*, 968 So. 2d 592, 595 (Fla. 2d DCA 2007).

Regarding the second element, for one's actions to rise to the level of intentional infliction of emotional distress, it must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Clemente v. Horne*, 707 So. 2d 865, 867 (Fla. 3d DCA 1998) (quotation omitted). It is not "enough that the defendant has acted with an intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his

17

conduct has been characterized by 'malice,' or a degree of aggravation which would entitle the plaintiff to punitive damages for another tort." *Gallogly v. Rodriguez*, 970 So. 2d 470, 471–72 (Fla. 2d DCA 2007) (quotation omitted). In other words, even purposeful conduct that one knows is going to hurt another is not outrageous enough to support a claim. *Deauville Hotel Mgmt., LLC v. Ward*, 219 So. 3d 949, 954–55 (Fla. 3d DCA 2017). *See*, *e.g.*, *LeGrande*, 889 So. 2d at 994 (holding calling a minister a thief in front of his parishioners is not legally outrageous); *Food Lion, Inc. v. Clifford*, 629 So. 2d 201, 202–03 (Fla. 5th DCA 1993) (stating that a false accusation of theft was insufficient to support a cause of action for intentional infliction of emotional distress); *Williams v. Worldwide Flight SVCS., Inc.*, 877 So. 2d 869, 870 (Fla. 3d DCA 2004) (holding a supervisor calling an African American employee the n-word and monkey, and threatening to fire the employee without cause did not rise to the requisite level needed for an IIED claim).

In this Action, not only has Plaintiff failed to sufficiently allege the elements and facts necessary for a cause of action for intentional infliction of emotional distress to survive, but Plaintiff has also failed to allege any conduct on the part of Defendants that would rise to the level needed to satisfy the second element. None of Defendants' conduct as alleged by Plaintiff equates to conduct that is "so

18

outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." As Plaintiff has failed to satisfy these elements and cannot meet the second element, this cause of action should be dismissed with prejudice.

**F.** **Plaintiff cannot meet the elements necessary for a claim for civil assault to survive, and Plaintiff's attempts to impute liability to Defendants for the alleged statements of third parties is not viable.**

The tort of assault is defined as "an intentional, unlawful offer of corporal injury to another by force, or force unlawfully directed toward another under such circumstances as to create a fear of imminent peril, coupled with the apparent present ability to effectuate the attempt." *Lay v. Kremer*, 411 So. 2d 1347, 1349 (Fla. 1st DCA 1982). A plaintiff asserting a claim of assault must show the defendant (1) made an intentional, unlawful threat of violence; (2) had the present and apparent ability to carry out the threat; and (3) *created a well-founded fear that violence is imminent. Henning v. Felty*, No. 615CV927ORL40DCI, 2017 WL 9398641, at *6 (M.D. Fla. June 28, 2017) (citing *Cannon v. Thomas ex rel. Jewett*, 133 So.3d 634, 639 (Fla. 1st DCA 2014) (emphasis added)).

"Mere words or threats are not assault; they must be accompanied by acts or circumstances to put one in reasonable apprehension of imminent harmful or offensive contact to the person." *Newman v. Gehl Corp.*, 731 F.Supp 1048, 1051

(M.D. Fla. 1990). While mere words do not constitute an assault, the words coupled with an appearance of rage and with a just completed shove could constitute an assault. *Lay*, 411 So. 2d at 1349. Verbal threats must be accompanied by allegations demonstrating a defendant gave the appearance or took any actions that would reasonably create a well-founded fear that he or she was about to carry out the verbalized threat. *Henning*, No. 615CV927ORL40DCI, 2017 WL 9398641, at *6 (holding plaintiff failed to state a cause of action for assault where he alleged defendant threatened to jump on and tackle him, but failed to allege that defendant gave the appearance or took any action in furtherance of his threat).

In the case at bar, Plaintiff alleges Mr. Schmutte stated he *had a desire* to strike Plaintiff in the face. Mr. Schmutte—according to Plaintiff's own allegations—did not even threaten to strike Plaintiff, but merely said he *wanted* to. Not only has Plaintiff failed to sufficiently allege the elements of civil assault, nothing Plaintiff alleged shows Defendants gave the appearance or took any actions that would reasonably create a well-founded fear that the verbalized threats were going to be carried out. Furthermore, Plaintiff attempts to hold Defendants liable for online threats that third parties allegedly made, which is not recoverable beneath Florida law. For these reasons, Plaintiff's claim for assault should be dismissed.

**G.** **Plaintiff has wholly failed to state a cause of action for civil remedy for cyber crime, as the Statute Plaintiff relies on for said claim does not provide for Plaintiff's requested relief.**

Section 815.06, Florida Statutes, is a criminal statute that provides, "[a] person commits an offense against users of computers, computer systems, computer networks, or electronic devices if he or she willfully, knowingly, and without authorization or exceeding authorization" commits one of six actions provided for in the Statute. *Fla. Stat. Ann.* § 815.06 (West). Not only has Plaintiff failed to state in his Complaint which of these six offenses Defendants have supposedly committed, but a reading of these six offenses reveals that nothing alleged in the Complaint fits the description of any actions on the list. The subsection of the Statute that Plaintiff references in his Complaint is the section that provides for civil remedies against a defendant who has found to have committed one of the actions listed. Plaintiff must specifically allege what actions Defendants have committed that are in violation of the Statute, which Plaintiff has failed to do. This failure renders the Complaint insufficient and warrants dismissal for failure to state a cause of action.

## IV.   CONCLUSION

Through this Action, Plaintiff attempts to hold Defendants liable for posting a video online, which purportedly shows Plaintiff engaged in non-sexual

communications with an adult. Plaintiff not only fails to meet the elements of each cause of action alleged, his allegations are inherently contradictory and are insufficient to confer jurisdiction on this Court. If, as Plaintiff alleges, the video posted by Defendants shows Plaintiff communicating with an adult in a manner that is not sexually explicit, then Defendants have not defamed Plaintiff. If, on the other hand, the video posted by Defendants shows Plaintiff was in fact engaged in sexually explicit communications with a female he thought was a minor, Defendants still have not defamed Plaintiff as truth is a complete defense.

Plaintiff's embarrassment due to what transpired is not enough to maintain a cause of action in this State, and this Court is not the proper forum for Plaintiff to attempt to rectify that embarrassment. Plaintiff has failed to sufficiently plead the requisite damages threshold to give this Court jurisdiction, and his causes of action are insufficiently pled or contain elements that are not satisfied by the facts Plaintiff has alleged. Plaintiff simply cannot maintain his claims against Defendants, therefore, this Action should be dismissed.

WHEREFORE, Defendants respectfully request this Court: (i) dismiss Plaintiff's Complaint; (ii) grant Defendants' attorney's fees and costs pursuant to Section 815.06(5)(b), Florida Statutes; and (iv) grant any further relief this Court deems just and proper.

**JIMERSON BIRR, P.A.**

By:_____
Brandon C. Meadows
Florida Bar No. 114246
bmeadows@jimersonfirm.com
Theresa Carli Pontieri
Florida Bar No. 111403
tpontieri@jimersonfirm.com
One Independent Drive
Suite 1400
Jacksonville, FL 32202
Telephone: (904) 389-0050
Facsimile: (904) 212-1269
jenniferf@jimersonfirm.com
fileclerk@jimersonfirm.com
*Attorneys for Defendants*

## LOCAL RULE 3.01(g) CERTIFICATION

On October 21, 2022, the undersigned attempted to contact counsel for Plaintiff to discuss the filing of this Motion to Dismiss but has been unable to reach counsel. Because of the time for compliance, meaningful conferral has not occurred. Consistent with the Local Rules, the undersigned will continue to attempt conferral for three days from the date of filing and will supplement this motion upon contact or after the third day.

## <u>CERTIFICATE OF SERVICE</u>

I CERTIFY that the foregoing document was electronically filed with the U.S. District Court on this 25th day of October, 2022, via CM/ECF and was served this day on all counsel and all parties entitled to notice via CM/ECF and/or U.S. Mail.

_____
Attorney