United States District Court
Middle District of Florida
Jacksonville Division

JOHN DOE

      Plaintiff,

v.                             NO. 3:22-cv-414-BJD-LLL

PREDATOR CATCHERS, INC.,
A FOREIGN CORPORATION AND
ERIC SCHMUTTE, AN INDIVIDUAL

      Defendants.

---

### Order Granting Motion for Leave to File Under Seal

Before the Court is plaintiff's motion for leave to file under seal, doc. 8, which is opposed, doc. 29. Plaintiff has also submitted a reply to the motion, doc. 37, and the sealed affidavit at issue. After careful consideration, I find the motion, doc. 8, should be granted.

### Background

Plaintiff lives in Duval County Florida, doc. 1 ¶ 3; defendant Predator Catchers, Inc. is a group based in Indiana that "has as its purported mission, the investigation into and the identity and public exposure of sexual predators, principally those preying on minors."[1] *Id.* ¶ 10. Defendant Eric Schmutte is the founder and president of

---

[1] Predator Catchers is an Indiana corporation with its principal place of business in Indiana; Schmutte is a citizen of Indiana. Doc. 1 ¶¶ 2-4.

defendant Predator Catchers; and plaintiff alleges that Schmutte directs the organization's activities. *Id.* ¶ 11. According to plaintiff, Predator Catchers uses vigilante tactics, including setting up fake profiles on internet dating websites to lure individuals into potential trysts through sexually suggestive messaging. *Id.* ¶¶ 10, 12, 14, 15. Predator Catchers then publicly, through various internet platforms, accuses individuals of attempting to engage in sexual encounters with minors. *Id.*

Plaintiff maintained a profile on Tinder, an online dating application, and on March 2, 2022, he was notified he matched with a woman named Jessie. *Id.* ¶ 17. Plaintiff and Jessie sent messages to each other using the Tinder platform and communicated through text messaging. *Id.* ¶¶16-18. Eventually, Jessie invited plaintiff to meet her at her grandmother's house, at an address in Mayport, Florida. *Id.* ¶ 21. According to plaintiff, Jessie's Tinder profile pictures depicted an adult, as did the five other photographs she sent him, *id.* ¶¶ 22-23; plaintiff also confirmed that Jessie was over 18 years old. *Id.* ¶ 23.

Plaintiff later arrived at the Mayport address and was greeted by an adult female. *Id.* ¶ 24. Schmutte then confronted plaintiff, while he was recording him, accused him of attempting to have sex with a minor, and threatened to strike him in the face. *Id.* ¶¶ 24, 52. According to the complaint, at the end of the recording, Schmutte states there is no case against plaintiff. *Id.* ¶ 26. Still, Schmutte's recording was posted, in edited form, on various internet websites, with a photograph of plaintiff, and the caption: "He said he was 38. The decoy was 13." *Id.* ¶¶ 29-30. In the comments

section of the posting, various commenters have threatened violence against the plaintiff. *Id.* ¶¶33, 51. Plaintiff maintains that he never initiated a sexual encounter with or made any suggestive comments toward Jessie, and that he relied on Tinder's policy not to permit an individual under 18 years' old to connect with an individual over 18 years' old. *Id.* ¶¶ 34-36. Plaintiff further alleges that he has been humiliated by defendants' actions, has suffered mental distress, and been financially burdened by efforts to minimize the impact of the incidents on his life. *Id.* ¶ 37.

Plaintiff sued defendants in a five-count complaint, doc. 1, alleging defamation (count I), invasion of privacy (count II), intentional inflection of mental distress (count III), assault (count IV), and a violation of Florida Statutes § 815.06, Offenses Against Users of Computer, Computer Systems, Computer Networks and Electronic Devices, (count V).

## Analysis

Plaintiff moves for an order allowing him to file under seal his affidavit supporting his motion to proceed anonymously. Doc. 7. He argues that his right to privacy outweighs the presumptive openness of judicial proceedings. Doc. 8 at 1. Defendants counter that plaintiff has failed to meet the burden of providing a significant privacy right, and the affidavit presents no information involving legitimate privacy interests or descriptions of violence. Doc. 29 at 8.

As an initial matter, the public has a presumptive right to access judicial proceedings. *Chi. Trib. Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001). "The common-law right of access to judicial proceedings is 'an essential

component of our system of justice and instrumental in securing the integrity of the process.'" *Callahan v. United Network for Organ Sharing*, 17 F.4th 1356, 1361 (11th Cir. 2021) (quoting *Bridgestone/Firestone, Inc.*, 263 F.3d at 1311). That right, however, is not unlimited. *Id.* It extends only to material that is public or judicial records, not discovery materials. *Id.* And the right of access may be overcome by showing that "good cause exists to prevent such access, balancing 'the asserted right of access against the other party's interest in keeping the information confidential.'" *Id.* at 1363 (quoting *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2007). The factors the Court considers include:

> whether allowing [public] access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.

*Id.*

I have reviewed the affidavit plaintiff asks be filed under seal. Initially, I find it, an affidavit filed in support of a motion, "subject to the common law right of access." *Romero*, 480 F.3d at 1245. After considering the factors outlined above and weighing plaintiff legitimate privacy interest against the public's interest in accessing the materials, the Court will allow plaintiff to file his affidavit under seal. Allowing public access to this affidavit would harm plaintiff's legitimate privacy interests. The harm plaintiff alleges as grounds for the lawsuit—that defendants falsely portrayed him as a

sexual predator of children—would be further amplified if the affidavit is not filed under seal. Doc. 8 at 2.

Plaintiff credibly alleges through the submission of an exhibit of public comments posted on website hosting the video encounter, that he has been threatened with violence as result of the publication of that video and that he fears for his safety. *Id.* Thus, I find at this stage the proceedings that there is a significant likelihood that plaintiff will be further injured if the information in the affidavit is made public. Even though the Court will allow the affidavit to be filed under seal, the defendants will still, and have been able to meaningfully respond to the Motion to Proceed Anonymously, doc. 7. *See* doc. 29.[2] Moreover, while the topic and nature of the lawsuit concerns a matter of public interest,[3] the personal details of plaintiff in the affidavit, such as his name and job, do not further that interest in any meaningful way. From a public policy perspective, requiring the affidavit to be publicly accessible would be a deterrence to plaintiff, and others like him, availing themselves of the protections of the judicial system. Finally, I find there is no less onerous alternative to sealing the affidavit. *Callahan*, 17 F.4th at 1363 (quoting *Romero*, 480 F.3d at 1246).

It is **ordered**:

1.  Plaintiff's Motion for Leave to File Under Seal, doc. 8, is **granted**;

---

[2] Docket entry 29 is a combined response to plaintiff's motion to file under seal, doc. 8, and motion to proceed anonymously, doc. 7.

[3] I note this is a civil, not criminal proceeding; and the question of whether plaintiff did something unlawful is not before the Court.

2. The Clerk of Court is **directed** to file the affidavit in support of plaintiff's

Motion to Proceed Anonymously, doc. 7, under seal.[4]

**Ordered** in Jacksonville, Florida on November 14, 2022.

LAURA LOTHMAN LAMBERT
United States Magistrate Judge

c:
Samuel Grier Wells, Esq.
Brandon Clark Meadows, Esq.
Theresa C. Pontieri, Esq.

---

[4] Beginning on November 7, 2022, lawyers were required to file sealed documents through CM/ECF, *see* www.flmd.uscourts.gov/cmecf; because, however, the sealed affidavit was previously presented to the clerk's office in paper form, plaintiff's counsel is excused from doing so here.