UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASE NO. 3:22-cv-00414-MMH-LLL

JOHN DOE,
an individual,

        Plaintiff,

v.

PREDATOR CATCHERS, INC.,
a foreign corporation and
ERIC SCHMUTTE, an individual,

        Defendants.
_____/

### PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT, OR IN THE ALTERNATIVE, FOR A MORE DEFINITIVE STATEMENT

Plaintiff, through undersigned counsel, and pursuant to Rule 3.01(c) of the Rules of this Court, responds to Defendant's Motion to Dismiss Plaintiff's Complaint, or in the Alternative, for a More Definitive Statement ("Defendants' Motion"). (Docket No. 42).

### I. INTRODUCTION

As a result of Defendants having falsely portrayed Plaintiff of being a sexual predator by attempting to meet with a thirteen year old girl for alleged illicit purposes, Plaintiff has asserted causes of action for Defamation (Count I), Invasion of Privacy (Count II), Intentional Infliction of Emotional Distress (Count III), Assault (Count IV) and Civil Remedy for Cyber-Crime (Count V).

Defendant's Motion asserts the following grounds for dismissal:

A.  Lack of Subject matter jurisdiction, as Plaintiff's allegation that his damages exceed $75,000.00, is insufficient.

B.  Failure to state a cause of action for piercing the corporate veil as to acts committed by Defendant Schmutte.

C.  Failure to plead damages incurred due to Defendant's defamatory statements.

D.  Failure to specify the type of invasion of privacy allegedly committed and to sufficiently allege elements for invasion of privacy.

E.  Insufficient allegations to meet the elements of intentional infliction of emotional distress.

F.  Plaintiff's inability to meet the elements necessary for civil assault and Plaintiff's attempts to impute liability to Defendant's for statements of third parties is not viable.

G.  Failure to state a claim for cybercrime.

Defendant's Motion is less of a challenge to the sufficiency of Plaintiff's pleadings, and more of an attack on the validity of the factual allegations in Plaintiff's Complaint.[1]

---

[1] It is noted that this Court's Order Granting Motion for Leave to File Under Seal (Docket 51) dated November 14, 2022, recites numerous allegations in Plaintiff's Complaint and finds that such allegations are sufficient to warrant filing under seal. While the Order is not ruling upon a Motion to Dismiss, it is submitted that the Order is instructive as to the sufficiency of the allegations in Plaintiff's Complaint.

## II.  MEMORANDUM OF LAW

### 1.  Legal Standard for a Motion to Dismiss

Federal Rule of Civil Procedure 8(a)(2) provides that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Specifically, "[t]o survive a Motion to Dismiss, a Complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft vs. Iqbal*, 556 U.S. 662, 678 (2009) *(*quoting *Bell Atlantic Corp vs Twombly*, 550 U.S. 544, 570 (2007)). The plausibility standard is met when the facts alleged enable "the Court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." *Id.* To survive a Motion to Dismiss for failure to state a claim upon which relief can be granted, the allegations in the Complaint must contain enough factual matter to establish "plausible" as opposed to merely "possible" or "speculative" entitlement to relief. *Bell Atlantic, supra.* Moreover, in considering a Rule 12(b)(6) motion to dismiss, the pleadings are construed broadly. *Watts vs. Fla Int'l Univ.* 495 F.3d 1289, 1295 (11th Cir. 2007). Conversely, to warrant dismissal, it must appear to a certainty that the Plaintiff can prove no set of facts in support of the asserted claim, which would entitle him to relief. *Ancata vs. Prison Health Service, Inc.* 769 F.2d 700, 703 (11th Cir. 1985).

2. **The Specific Grounds for Dismissal as Asserted by Defendants Are Addressed Hereinbelow.**

    A. **Lack of subject matter jurisdiction, as Plaintiff's allegation that his damages exceed $75,000.00, is insufficient.**

After alleging the jurisdictional requirements in paragraph 1 of the Complaint, Plaintiff alleges numerous acts of wrongful conduct committed by Defendants culminating in Defendants publication of Plaintiff's encounter with Defendants on the internet (Complaint, ¶¶ 24 through 33). Plaintiff concludes by alleging that he has suffered severe mental distress and humiliation and has incurred significant expense in attempting to minimize the adverse impact of Defendants' actions. (Complaint, ¶ 37)

"The rule governing dismissal for want of jurisdiction in cases brought in the federal court is that …the sum claimed by the Plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal. The inability of Plaintiff to recover an amount adequate to give the Court jurisdiction does not show his bad faith or oust the jurisdiction. Nor does the fact that the Complaint discloses the existence of a valid defense to the claim. But if, from the face of the pleadings, it is apparent to a legal certainty, that the Plaintiff cannot recover the amount claimed or if, from the proofs, the Court is satisfied to a like certainty that the Plaintiff never was entitled to recover that amount, and that its claim is therefore colorable for the

purpose of conferring jurisdiction, the suit will be dismissed." *St. Paul Mercury Indem., Co vs Red Cab Co.* 303 U.S. 283, 289-89 (1938).

Generally, a diversity case "will not be dismissed unless it appears to a 'legal certainty' that Plaintiff's claim is actually for less than the jurisdictional amount." *Burns vs. Windsor Ins. Co.* 31 F3d 1092, 1094 (11th Cir. 1994). Citing *Red Cab Co.* 303 U.S. 283, 289 (1938).

Defendant's motion cites to *Sanchez-Arroyo vs. E. Airlines, Inc.* 835 F2d 407, 408-09 (1st Cir. 1987) in support of their effort for dismissal on this ground. However, the case was dismissed because plaintiff's claimed damages exceeded the defendant's liability for loss or damage pursuant to the terms of a contact, not because Plaintiff did not sufficiently allege or prove the required jurisdictional damages.

It can hardly be said to a legal certainty that the damages complained by Plaintiff are insufficient to establish subject matter jurisdiction.

**B.     Failure to state a cause of action for piercing the corporate veil as to acts committed by Defendant Schmutte.**

The claims asserted by Plaintiff in his Complaint as to Defendant Schmutte are not an attempt to pierce the corporate veil. Plaintiff's claims against Defendant Schmutte are based upon said Defendant's personal intentional conduct.

In *Doe v. Thompson*, 620 So. 2d 1004 at 1006 (Fla. 1993), the Florida Supreme Court held that a nonresident corporate officer is subject to personal jurisdiction if the officer directed "fraud or other intentional misconduct" at parties in the State of Florida.

5

Court's ignore the corporate shield doctrine and sustain the exercise of jurisdiction when a defendants' intentional conduct is calculated to cause injury to a plaintiff in the forum state. *Rensin v. State, Off. of Atty. Gen., Dep't of Legal Affs.*, 18 So. 3d 572, 575 (Fla. Dist. Ct. App. 2009).

In *Byron v. Marine Carriers (USA), Inc.*, the court held that the out-of-state president of an out-of-state corporation was subject to personal jurisdiction for defamatory statements made by telephone about the plaintiff to a Florida resident. The corporate shield doctrine did not protect the defendant from the consequences of specific conduct constituting an intentional tort directed at a Florida resident. *Byron v. Marine Carriers (USA), Inc.*, 668 So.2d 273 (Fla. 1st DCA 1996).

C. **Plaintiff has failed to plead damages incurred due to defamatory statements allegedly made by Defendants, and Plaintiff's own allegations defeat his claim that Defendants defamed him.**

D. **Plaintiff has failed to specify the type of invasion of privacy allegedly committed and has failed to sufficiently allege the elements for its invasion of privacy cause of action, leaving this Court and Defendants left to guess as to how his privacy has been invaded.**

E. **Plaintiff has alleged insufficient facts to meet the elements of intentional infliction of emotional distress.**

F. **Plaintiff cannot meet the elements necessary for a claim for civil assault to survive, and Plaintiff's attempts to impute liability to Defendants for the alleged statements of third parties is not viable.**

G. **Plaintiff has wholly failed to state a cause of action for civili remedy for cybercrime, as the Statute Plaintiff relies on for said claim does not provide for Plaintiff's requested relief.**

Plaintiff will respond to Section C through G of Defendants' Motion collectively since all address the purported failure of Plaintiff to properly allege the elements of each cause of action.

The General Allegations section of Plaintiff's Complaint sets forth in great detail the conduct of Defendants, from the communications initiated by Defendants with "Jessie" through the internet, which amounted to surveillance of Plaintiff, enticing Plaintiff to Roxy Street in Mayport, Florida, the confrontation with Plaintiff by Defendants and other unnamed conspirators, the assault on Plaintiff, the publication of false material and the ensuing continued confrontation with Plaintiff by Defendant Schmutte. The allegations in each of the identified counts not only reallege the preceding general allegations but also include the elements of each cause of action asserted. While certain "buzz words" may not have been utilized by Plaintiff, the elements of each cause are nevertheless clear and present.

As noted above, Rule 8(a)(2), Federal Rules of Civil Procedure, requires only a "short and plain statement of the claim showing that the pleader is entitled to relief."

Unlike Florida's procedural rules, the Federal Rules of Civil Procedure "do not require 'ultimate' or 'material facts' at the pleading stage; all that is required is a short and plain statement of the claim showing that the pleader is entitled to relief." *U.S. v. Expert Car Care, Inc.*, 6:08-cv-1165, 2008 WL 4500220, at *1 (M.D. Fla. Oct. 2, 2008). "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. at 512-13; *see also Avril v.*

*Five Star Rest. Holdings, LLC*, 11-61783- civ, 2011 WL 13111717, at *2 (S.D. Fla. Nov. 2, 2011) ("Pleadings provide notice; discovery procedures provide the intricacies of the issues and evidence for trial.").

In *Bell Atlantic v. Twombly*, the Supreme Court interpreted Rule 8 as requiring only that a complaint "nudge[ ] their claims across the line from conceivable to plausible." *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007).

In the wake of *Twombly*, district courts within the Eleventh Circuit have held that federal court plaintiffs need not set out every fact pertinent to each count pled with specificity. In *Welch v. Theodorides*, the Northern District of Florida addressed the Rule 8 pleading requirement devolving upon plaintiffs as follows:

> A complaint thus "does not need detailed factual allegations"... Nor must a complaint allege with precision all of the elements of a cause of action...
>
> ***
>
> The first amended complaint alleges that the defendants disclosed the information for no permissible purpose and that the information wound up on the internet. If that is true, the plaintiff will be entitled to recover. *Welch v. Theodorides*, 677 F.Supp.2d 1283, at 1285, 1287.

The court in *Ashcroft v Iqbal*, 556 U.S 662 (2009) held a motion to dismiss should note the areas in which a complaint relies on legal labels instead of subsidiary facts. Defendants' motion to dismiss does not fall within the *Iqbal* requirement and does not complain that Plaintiff alleged only points of law. Plaintiff has, in fact, alleged substantial facts supporting all of his claims, to which the Defendants' have an entire section of their motion, using four full pages of their motion referring to Plaintiff's

allegations, and citing to 21 specific allegations from Plaintiff's Complaint, for a total of 28 references to Plaintiff's facts, throughout the entirety of their motion.

Under the *Twombly* standard, factual allegations in a complaint need not be overly detailed, but "must be enough to raise a right to relief above the speculative level ... on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007).

## CONCLUSION

Based on the foregoing response to Defendants' Motion, Plaintiff respectfully submits that Defendants' Motion should be denied.

GRAYROBINSON, P.A.

By: /s/ S. Grier Wells
S. Grier Wells, Esq.
Florida Bar No. 203238
50 N. Laura Street, Suite 1100
Jacksonville, Florida 32202
Telephone: (904) 598-9929
grier.wells@gray-robinson.com
barbara.rude@gray-robinson.com
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 18th day of November, 2022, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following: Brandon C. Meadows, Esq. and Theresa Carli Pontieri, Esq., Attorneys for Defendants.

/s/ S. Grier Wells, Esq.
Attorney

/13312/1#48882487 v2