United States District Court
Middle District of Florida
Jacksonville Division

JOHN DOE

    Plaintiff,

v.                                        No. 3:22-cv-414-MMH-LLL

PREDATOR CATCHERS, INC.,
A FOREIGN CORPORATION AND
ERIC SCHMUTTE, AN INDIVIDUAL

    Defendants.
_____

## Order Granting Motion to Proceed Anonymously

Before the Court is plaintiff's motion to proceed anonymously, doc. 7, which is opposed, doc. 29. Plaintiff has also submitted a reply, doc. 37, and a sealed affidavit, docs. s-54, 7-1, which I have reviewed.[1] After careful consideration, I find the motion should be granted.

### Background

Plaintiff lives in Duval County Florida, doc. 1 ¶ 3; defendant Predator Catchers, Inc. is a group based in Indiana that "has as its purported mission, the investigation into . . . and public exposure of sexual predators, principally those preying on minors." *Id.* ¶ 10. Defendant Eric Schmutte is the founder and president of defendant Predator Catchers; plaintiff alleges that Schmutte directs the organization's activities. *Id.* ¶ 11.

---

[1] The Court granted plaintiff's motion to file the affidavit under seal. *See* doc. 51.

As the Court has explained, *see* doc. 51, plaintiff alleges Predator Catchers uses vigilante tactics, including setting up fake profiles on internet dating websites to lure individuals into potential trysts through sexually suggestive messaging. Doc. 1 ¶¶ 10, 12, 14, 15. Predator Catchers then publicly, through various internet platforms, accuses individuals of attempting to engage in sexual encounters with minors. *Id.*

Plaintiff maintained a profile on Tinder, an online dating application; on March 2, 2022, he matched with a woman named Jessie. *Id.* ¶ 17. Plaintiff and Jessie first sent messages to each other using the Tinder platform and then transitioned to communicating via text messaging. *Id.* ¶¶16-18. Eventually, Jessie invited plaintiff to meet at her grandmother's house in Mayport, Florida. *Id.* ¶ 21. According to plaintiff, Jessie's Tinder profile pictures depicted an adult, as did the five other photographs she sent him via text, *id.* ¶¶ 22-23; plaintiff also alleges that he confirmed Jessie was over 18 years old. *Id.* ¶ 23.

Plaintiff later traveled to the Mayport address provided by Jessie and was greeted by an adult female. *Id.* ¶ 24. Schmutte, who was also present at the address, then confronted plaintiff, while he recorded him, and accused him of attempting to have sex with a minor. *Id.* Schmutte also allegedly threatened to strike plaintiff in the face. *Id.* ¶¶ 24, 52. According to the complaint, Schmutte states there is no case against plaintiff at the end of the recording. *Id.* ¶ 26. Still, Schmutte's recording was posted, in edited form, on various internet websites, with a photograph of plaintiff, and the caption: "he said he was 38. The decoy was 13." *Id.* ¶¶ 29-30. In the comments section

of the posting, various individuals threatened violence against plaintiff. *Id.* ¶¶ 33, 51. Plaintiff maintains that he never initiated a sexual encounter with or made any suggestive comments toward Jessie, and that he relied on Tinder's policy not to permit an individual under 18 years' old to connect with an individual over 18 years' old. *Id.* ¶¶ 34-36. Plaintiff further alleges that he has been humiliated by defendants' actions, suffered mental distress, and been financially burdened by efforts to minimize the effect of the incidents on his life. *Id.* ¶ 37.

Plaintiff sued defendants in a five-count complaint, doc. 1, alleging defamation (count I), invasion of privacy (count II), intentional inflection of mental distress (count III), assault (count IV), and a violation of Florida Statutes § 815.06, Offenses Against Users of Computer, Computer Systems, Computer Networks, and Electronic Devices, (count V). *Id.*

## Authority

"A party may proceed anonymously in a civil suit in federal court by showing that he 'has a substantial privacy right which outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings.'" *Plaintiff B. v. Francis*, 631 F.3d 1310, 1315-16 (11th Cir. 2016) (quoting *Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 2011) (additional quotations and citation omitted)).

Plaintiff moves to proceed anonymously here, doc. 7, arguing that his right to privacy outweighs the presumptive right to openness in judicial proceedings because he must disclose intimate information, which increases his risk of physical harm. *Id.* at 3. Defendants counter that plaintiff has failed to meet the factors necessary to

proceed anonymously, dispute that he must reveal "intimate details," and assert that plaintiff failed to adequately demonstrate a threat of physical violence. Doc. 29 at 7.

The Court begins it analysis considering the constitutional implications of the openness of judicial proceedings, particularly in light of the First Amendment. *Doe v. Stegall*, 653 F.2d 180, 185 (5th Cir. 1981) ("First Amendment guarantees are implicated when a court decides to restrict public scrutiny of judicial proceedings.") (citing *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 580 n.17 (1980)). As a result, under Fed. R. Civ. P. 10(a), parties in a lawsuit must identify themselves in their pleadings. *Frank*, 951 F.2d at 322 (11th Cir. 1992) (citing *S. Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 712 (5th Cir. 1979)). Rule 10 is more than administrative; it reflects both the constitutional importance of open judicial proceedings and the "the public's legitimate interest the facts of a lawsuit, including the identities of the parties." *Francis*, 631 F.3d at 1315-16 (citing *Frank*, 951 F.2d at 322-23 (additional quotations and citations omitted)).

A party may proceed anonymously, however, by establishing that his privacy right outweighs the presumption of openness in the judicial proceeding. *Id.* at 1316-17 (additional quotations and citation omitted). Mere embarrassment is not enough; rather, the party moving for anonymity must establish the case "involve[s] matters of a highly sensitive and personal nature, real danger of physical harm, or where the injury litigated against would be incurred as a result of the disclosure of the [party's] identity." *Frank*, 951 F.2d at 324.

The Eleventh Circuit has set forth six relevant, but non-dispositive factors for courts to consider when deciding if a party should be permitted to proceed anonymously, whether:

> 1) the case involves a challenge to government or private activity; 2) the party will be required to disclose information of the utmost intimacy; 3) the party would be threatened by violence or physical harm if they proceeded in their real name; 4) the party will be compelled to admit their intention to engage in illegal conduct and thus risk criminal prosecution; 5) the party is a minor; and 6) proceeding anonymously would pose a unique threat of fundamental unfairness to the defendant.

*Strike 3 Holdings, LLC v. Doe*, No. 5:22-cv-307-JA-PRL, 2023 WL 113564, at *1 (M.D. Fla. Jan. 5, 2023) (citing *Francis*, 631 F.3d at 1316) (additional citations omitted). These factors are not exhaustive; rather a court's determination is guided by a "consideration of 'all the circumstances of a given case.'" *Id.* (additional citations omitted). *See also Doe v. Neverson*, 820 F. App'x 984, 987 (11th Cir. 2020) (quoting *In re Chiquita Brands In'l Inc.*, 965 F.3d 1238, 1247 n.5 (11th Cir. 2020) ("Whether a party's right to privacy outweighs the presumption of openness is a 'totality-of-the-circumstances question.'")).

## Analysis

Plaintiff resides locally and works as a senior project director for a company in the automotive industry. Doc. 7-1 ¶¶ 1, 3. He has never been arrested or charged with any crime. *Id.* ¶ 4. He denies being a sexual offender, *id.* ¶ 9, and as grounds for his suit alleges that defendants have falsely cast him as sexual offender. *See* doc. 1 at count I, ¶¶ 38-42 (defamation because of the alleged publication of false and defamatory

information). Requiring him to proceed in his own name, he argues, would also potentially reveal his place of employment, address, and identify his family and friends. Doc. 7-1 ¶ 10. Plaintiff fears defendants' postings will inspire violence against those close to him, and proceeding anonymously, he argues, will ensure his safety. *Id.* ¶¶ 10, 11.

Weighing plaintiff's privacy rights against the presumptive openness of judicial proceedings and considering the relevant factors outlined above, I find three of the six factors weigh in favor of plaintiff and that he should be able to proceed anonymously. First, the very nature of the case implicates highly intimate information of a personal and sexual nature. As shown above, plaintiff alleges he was seeking a personal, and apparently intimate relationship through a dating app, and believed he was communicating and ultimately meeting with an individual of who was over 18 years old. Although plaintiff claims that he believed to be meeting an adult, he alleges that when confronted by Schmutte, he was accused of attempting to engage in sexual conduct with a minor. Plaintiff also alleges that Schmutte recorded the encounter and posted it on the internet with a photograph of plaintiff, including a caption that implied he was intentionally seeking a relationship with a minor.

As the Court has explained, the harm that plaintiff alleges as grounds for the lawsuit—that defendants falsely portrayed him as a sexual predator of children—would be amplified if he is required, at this stage, to proceed under his name. *See* doc. 51 at 5. Plaintiff could become further associated with having a sexual interest in minors, which is patently illegal conduct. And while mere embarrassment does not

justify proceeding anonymously; a showing of "social stigma" may be "sufficient to warrant proceeding anonymously." *Neverson*, 820 F. App'x at 988 (citing *Frank*, 951 F.2d at 324). The Eleventh Circuit explained that, "'[c]ourts have permitted plaintiffs to proceed anonymously in cases involving mental illness, homosexuality, and transsexuality' because 'the social stigma attached to the plaintiff's disclosure was found to be enough to overcome the presumption of openness in court proceedings.'" *Id.* (citing *Frank*, 951 F.2d at 324). *See also Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 686-87 (11th Cir. 2001) (reversing an order denying a motion to proceed anonymously in a case involving abortion in part because of the highly sensitive and personal nature of the procedure); *Stegall*, 653 F.2d at 186 (explaining that by challenging government activity, the plaintiffs revealed their personal beliefs and practices and holding that religion is a "quintessentially private matter.").

Second, plaintiff has submitted particularized evidence, specifically evidence of threats directed toward him, that establish a likelihood he would be threatened by violence or physical harm if he proceeded in his real name. *Doe v. Swearingen*, No. 18-24145-civ, 2019 WL 95548, at *5 (S.D. Fla. Jan. 3, 2019) (discussing particularized evidence of physical violence against plaintiffs and their properties). Plaintiff contends that Schmutte threatened to "smash him in the face" and later made a social media post portraying plaintiff as a sexual predator that resulted in multiple threatening comments. Doc. 7 at 5. One comment, reviewed by the Court, reads that "one bullet fixes that problem" insinuating the commenter wants to (or feels someone should) shoot plaintiff. *Id*. *See also* doc. s-54-1 (same). Fairly recently, the Eleventh Circuit

7

recognized that "[i]n today's digital age" harassing comments posted on a website may be enough to establish that an anonymous plaintiff would be subject to threats and harassment if she had to proceed under her own name. *Neverson*, 820 F. App'x at 988 (citing *Stegall*, 653 F.2d at 182 n.6, 186).

The information contained on social media or other internet sites alleging plaintiff has a sexual interest in children, paired with evidence of actual threats toward him in the public comment section of those postings establishes a likelihood that physical violence may committed against him. *See* doc. 7 at 5 (arguing plaintiff has shown information of the utmost intimacy is at stake due to the "charged overtones and threats of physical violence."). *Compare Strike 3 Holdings*, 2023 WL 113564 (holding that the defendant could not proceed anonymously in a copyright infringement action involving the downloading of adult content because "embarrassment alone fails to amount to good cause or compelling justification to proceed under seal" where there was no showing the defendant would be threatened by physical violence or physical harm or that the other factors applied).

Finally, I find that proceeding anonymously would not pose "a unique threat of fundamental unfairness to the defendant[s]." *Id.* at *1. Permitting plaintiff to proceed anonymously at this stage would not meaningfully hinder the formulation of a defense. While plaintiff's name is not publicly known, defendants are aware of plaintiff's identity; and thus, proceeding anonymously will not interfere with defendants' ability to conduct discovery. *See* doc. 7 at 5. The public certainly has an interest in the subject

matter of the lawsuit, yet as the Court has explained, the name of the plaintiff does not further that interest in any meaningful way. Doc. 51 at 5.

Upon review of the circumstances and the relevant factors, I find requiring plaintiff to disclose his name at this juncture would lead to the disclosure of highly intimate information (and that plaintiff may become identified with the illegal conduct he denies); that plaintiff has provided credible information that he may suffer physical harm if his name is disclosed; and that allowing plaintiff to proceed anonymously would not create unfairness in this action—particularly because defendants are aware of plaintiff's identity. The Court concludes that at this time, plaintiff's right to privacy outweighs the presumptive openness of a judicial proceeding.[2]

It is **ordered**:

1. Plaintiff's Motion to Proceed Anonymously, doc. 7, is **granted**.

2. Until further order of the Court, all documents in this matter that refer to

---

[2] This order does not prevent defendant from moving to preclude the use of pseudonyms later in the litigation. *Neverson*, 820 F. App'x at 987, 989 ("The analysis of whether a plaintiff may proceed anonymously may change at different stages of the litigation" and explaining that in *Chiquita Brands International*, 965 F.3d 1238, plaintiffs had originally proceeded under pseudonyms and then defendant moved to preclude the use of pseudonyms later in the litigation). *See also Swearingen*, 2019 WL 95548, at *6 (citation omitted) (limiting plaintiff's ability to proceed anonymously to the pretrial stage and noting that the question of anonymity may need to be revisited at a later time).

plaintiff by name should refer to him only as John Doe.

**Ordered** in Jacksonville, Florida on March 27, 2023.

                                                LAURA LOTHMAN LAMBERT
                                                United States Magistrate Judge

c:
Samuel Grier Wells, Esq.
Brandon Clark Meadows, Esq.
Theresa C. Pontieri, Esq.