United States District Court
Middle District of Florida
Jacksonville Division

JOHN DOE,

    Plaintiff,

v.                                                    No. 3:22-cv-414-MMH-LLL

PREDATOR CATCHERS, INC.,
A FOREIGN CORPORATION, AND
ERIC SCHMUTTE, AN INDIVIDUAL,

    Defendants.
_____

## Order Striking Exhibits and Directing Removal from Court Docket

This matter is before the Court sua sponte. The Court has reviewed plaintiff's Motion to Compel and for Sanctions, doc. 63, and noticed plaintiff has failed to properly redact exhibits A, B, and D to the motion, docs. 63-1, 63-2, and 63-4, as required by the Federal Rules of Civil Procedure (Rule(s)) and the Administrative Procedures for Electronic Filing in this Court (CM/ECF Admin. P.). Unless the Court orders otherwise, under Rule 5.2, in an electronic or paper filing with the Court that contains an individual's social-security number, taxpayer-identification number, or birth date, the name of an individual known to be a minor, or a financial-account number, a party or nonparty making the filing may include only:

    (1) the last four digits of the social-security number and taxpayer-identification number;
    (2) the year of the individual's birth;
    (3) the minor's initials; and

(4) the last four digits of the financial-account number.

*See* Rule 5.2(a); *see also* CM/ECF Admin. P., Part I. Here, exhibits A, B, and D include the full birth dates of several individuals. Additionally, exhibit B contains personal identifying information, which was previously limited by Court order, *see* doc. 60. The Court's Administrative Procedures outline that the responsibility to redact personal identifiers falls on the filing party. *See* CM/ECF Admin. P., Part I, ¶ 1 ("It is the responsibility of every lawyer and pro se litigant to redact personal identifiers before filing any documents with the court."). The filing party must verify "that appropriate and effective methods of redaction have been used." *Id*. Thus, the Court will strike exhibits A, B, and D and direct plaintiff to file properly redacted versions of these exhibits.

While redaction errors may be inadvertent, these errors are harmful; plaintiff's counsel must take greater care to protect personal identifying information before it is filed on the public docket. A document on the public docket may be picked up by legal research services or news organizations and remain available to the public indefinitely, subjecting the individuals identified in the filings to identity theft. Thus, the parties are advised that failure to comply with the redaction rules going forward may result in sanctions.

It is **ordered**:

1. Exhibit A (doc. 63-1), exhibit B (doc. 63-2), and exhibit D (doc. 63-4) are **stricken**.
2. The Clerk of the Court is directed to remove these documents from the

Court docket.

3. Plaintiff shall file properly redacted copies of these exhibits **on or before June 28, 2023**.

4. **On or before June 28, 2023**, plaintiff's counsel shall file a notice on the Court docket certifying that:

    a. counsel has read Rule 5.2 and Part I of the CM/ECF Administrative Procedures,

    b. and counsel has ensured that "appropriate and effective methods of redaction" will be used before making any future filings.

**Ordered** in Jacksonville, Florida on June 22, 2023.

*[signature]*
LAURA LOTHMAN LAMBERT
United States Magistrate Judge

c:
Samuel Grier Wells, Esq.
Brandon Clark Meadows, Esq.
Theresa C. Pontieri, Esq.