IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JOHN DOE, an individual,

    Plaintiff,

v.                                            Case No.: 3:22-cv-00414-MMH-LLL

PREDATOR CATCHERS, INC.,
a foreign corporation, and ERIC
SCHMUTTE, an individual,

    Defendants.
_____/

**<u>DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO AMEND AMENDED COMPLAINT TO DISMISS COUNT V</u>**

Defendants, Predators Catchers, Inc. ("Predator Catchers") and Eric Schmutte ("Mr. Schmutte") (together, "Defendants"), by and through the undersigned counsel, pursuant to Rule 27(a), Federal Rules of Civil Procedure, and Local Rule 3.01, hereby file this Response in Opposition to Plaintiff's, John Doe's ("Plaintiff"), Motion to Amend Amended Complaint to Dismiss Count V ("Motion"), and in support thereof, state the following:

    I.        **<u>INTRODUCTION</u>**

After twenty-one months of litigating this Action, Plaintiff is conceding the fact that his claim against Defendants for Civil Remedy for Cyber Crime under Section 815.06, Florida Statutes ("Count V"), is unsupported by the law and the record evidence. However, Plaintiff was previously put on notice that Count V

lacked both legal and factual support when Defendants disputed the merits of Count V through its Motion to Dismiss Plaintiff's original Complaint. (*See* Defs.' Mot. Dismiss, ECF No. 42). Defendants have now filed a Motion for Summary Judgment on Count V, as well as every other Count in Plaintiff's Complaint, due to the lack of both factual and legal support for Plaintiff's claims. Now, Plaintiff is attempting to avoid summary judgment on Count V, presumably due to the prevailing party attorney's fees provision per Section 815.06(5)(b), Florida Statutes, opening himself up to this Court's award of reasonable attorneys' fees to Defendants.

The Court's deadline to amend pleadings per the Case Management Report ("CMP") passed over a year ago, *to wit*, on December 22, 2022. (*See* CMP, ECF No. 39). Further, in its Order Granting Joint Motion to Extend Deadlines ("Order"), the Court cautioned that no further requests to extend deadlines would be granted absent extraordinary circumstances. (*See* Order, ECF No. 88). Plaintiff does not meet the "extraordinary circumstances" threshold for many reasons, primarily, that he has failed to address Rule 16(b) or its good cause requirement. The Court should reject Plaintiff's last-minute attempt to avoid summary judgment on a claim that could have been removed by amendment far earlier in this Action. Accordingly, Plaintiff's Motion to Amend Complaint to Dismiss Count V should be denied.

## II.     MEMORANDUM OF LAW

### A.     Legal Standard.

Ordinarily, leave to amend is "freely given when justice so requires." *Fed. R. Civ. P.* 15(a). "However, when granting leave would require modifying a Rule 16 schedule order, the movant must first show 'good cause.'" *Alexander v. AOL Time Warner, Inc.* 132 F. App'x 267, 269 (11th Cir. 2005) (citing *Fed. R. Civ. P.* 16(b)(4)); *see also Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998) ("If we considered only Rule 15(a) without regard to Rule 16(b), we would render scheduling orders meaningless and effectively would read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure.")

The Eleventh Circuit has identified three factors in assessing the diligence exercised in meeting the deadlines set in a scheduling order: (1) whether the plaintiff failed to ascertain facts before filing the complaint or to acquire information during the discovery period; (2) whether the information supporting the proposed amendment was available to the plaintiff; and (3) whether the plaintiff delayed in asking for amendment even after acquiring the information. *Lord v. Fairway Elec. Corp.*, 223 F. Supp. 2d 1270, 1277 (M.D. Fla. 2002) (citing *Sosa*, 133 F.3d at 1418). Leave to amend may also be denied on grounds, such as undue delay, undue prejudice to defendants, and futility of the amendment. *Kendall v. Thaxton Rd. LLC*,

3

443 F. App'x 388, 393 (11th Cir. 2011) (citing *Maynard v. Bd. of Regents of the Div. of Univs. of the Fla. Dep't of Educ.*, 342 F.3d 1281, 1287 (11th Cir.2003)).

In the case at bar, Plaintiff has failed to even argue that he has satisfied the elements necessary to amend his pleading after the passage of the deadline to do so in this Court's CMP. However, even when looking at the record activities and evidence in this Action—particularly Defendants' Motion to Dismiss Plaintiff's Complaint and Plaintiff's deposition transcript—it is clear that Plaintiff simply failed to ascertain necessary facts and conduct a reasonable investigation of his claims prior to filing his complaints. In this Action, Plaintiff has not discovered *new facts* that would support new claims; rather, his deposition exploited the fatal conclusion that there have never been any facts that could possibly support Count V of his Amended Complaint.

**B.     Plaintiff Fails to Present Any Evidence of Good Cause Under Rule 16(b).**

Because the deadline to amend has long since passed, Plaintiff must, per *Sosa v. Airprint Sys. Inc.*, demonstrate good cause under Rule 16(b). 133 F.3d 1417 at 1419. "Diligence, not lack of prejudice, is the touchstone of the Rule 16(b)(4)." *Taylor v. Genesee & Wyo., Inc.*, NO. 3:13-cv-1250-J-39MCR, 2015 WL 12838173, at *5 (M.D. Fla. January 6, 2015). Furthermore, Local Rules 3.01 and 1.01 require motions to contain "a legal memorandum supporting the request" and cite "legal

4

authority [or] a statement of law to support [the] request for relief." *See* M.D. Fla. Loc. R. 3.01(a), 1.01(10).

Rather than show good cause and diligence in a legal memorandum as required, Plaintiff summarily cites to Rule 15(a)(2) and *Perry v. Schumacher Grp. Of La.*, 891 F.3d 954 (11th Cir. 2018)[1] to support his general argument that neither party would be prejudiced by his amendment. However, Plaintiff's reliance on 15(a)(2) skips the Rule 16(b) predicate of good cause supported by diligence. Additionally, Plaintiff's reliance on *Perry* is misguided. *Perry* is an appeal of a workplace discrimination case focusing on whether the district court retained jurisdiction to rule on the petitioner's Rule 54(b) motion after the petitioner previously entered a joint stipulation under Rule 41(a)(1). *Id.* at 955-56. The only reference to Rule 15, which Plaintiff quotes, is dicta, wherein Judge Tjoflat contemplated that the petitioner could have amended her complaint to drop her remaining claim before stipulating dismissal. *Id.* at 958.

Plaintiff's argument that Defendants will not suffer prejudice—a position that Defendants expressly reject in light of this Court's deadlines—by allowance of an amendment fails in the absence of a showing of the requisite diligence. Plaintiff's Motion contains a single argument in its introduction stating that leave to amend will not prejudice either party and a memorandum of law totaling two paragraphs, neither

---

[1] As the citation indicates, *Perry* has since been published in the Federal Reporter, 3rd Series.

of which contains legal authority supporting his request. Nowhere does he provide the "good cause" necessary to justify a late amendment under Rule 16(b) or explain how his proposed amendment to remove Count V would satisfy the requirements of justice under Rule 15.

Plaintiff already took advantage of this Court's window of time to amend pleadings but failed to remove Count V in his Amended Complaint. *See* Am. Compl., ECF No. 69. Additionally, Plaintiff filed his Motion the day before summary judgment motions were due. *See* Order, ECF No. 88. Amending the complaint again, thirteen months after the Court's amendment deadline, requires Plaintiff to establish good cause that he was diligent in pursuing the information supporting his requested amendment, and here, Plaintiff has failed to satisfy that burden, justifying a denial of his request to further amend.

C. **Plaintiff's Motion Was Brought With Undue Delay And Would Greatly Prejudice Defendants.**

Even if Plaintiff satisfied the inquiry under Rule 16(b)(4), reasons for denying leave to amend pursuant to Rule 15(a) include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1319 (11th Cir. 1999) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). As demonstrated above, Plaintiff unduly delayed in filing his

6

Motion, as it comes twenty-one months after the initial Complaint and more than one year after the deadline for amending pleadings.

Just as significantly, allowing Plaintiff to amend his answer at this stage—with fact discovery closed and [dispositive motions] pending—would unfairly prejudice Defendants and *create* undue delay. *See Campbell v. Emory Clinic*, 166 F.3d 1157, 1162 (11th Cir. 1999) (affirming denial of leave to amend where discovery was closed and motions for summary judgment were pending, observing that "[p]rejudice and undue delay are inherent" in such an amendment); *Chik-Fil-A v. CFT Dev., LLC*, No. 5:07-cv-501-Oc-10GRJ, 2009 WL 10670236, at *2 (M.D. Fla. May 6, 2009) (denying motion for leave to amend answer upon finding "it is evident that the instant motion is not triggered by newly discovered information, but rather, was triggered in response to [the non-movant's] motion for summary judgment"); *Lowe's Home Ctrs, Inc. v. Olin Corp.*, 313 F.3d 1307, 1315 (11th Cir. 2002) ("[I]t is not an abuse of discretion for a district court to deny a motion for leave to amend following the close of discovery, past the deadline for amendments and past the deadline for filing dispositive motions."); *Scantland v. Knight*, No. 8:09-cv-1985-T-17TBM, 2014 WL 12690482, at *2 (M.D. Fla. Sept. 30, 2014) (denying leave to amend answer to add affirmative defense where the parties completed discovery on liability and dispositive motions were filed).

In the case at bar, Defendants have had to defend Count V throughout this entire litigation. Plaintiff has had ample opportunity to conduct discovery to support his claims, conduct reasonable investigations to ensure his claims are supported by the facts and the law, and amend his pleadings timely over the past twenty-one months. Now, with the threat of a dispositive motions deadline looming, in conjunction with the knowledge that Count V has a prevailing party attorney's fees provision, he wishes to drop Count V in an effort to avoid the repercussions that may accompany failure to prove his claims. Defendants would absolutely be prejudiced by this late amendment, justifying this Court's denial of Plaintiff's Motion to Amend.

### III. <u>CONCLUSION</u>

Plaintiff has not satisfied his burden by demonstrating good cause for this late amendment to his already Amended Complaint under Rule 16(b); he has failed to provide any justification for such a late attempt at dismissal of Count V, such as new facts that would support such a late dismissal; and he has failed to show this Court how Defendants would not be prejudiced by having to defend Count V for twenty-one months.

**WHEREFORE**, for aforementioned reasons, Defendants respectfully request this Court deny Plaintiff's Motion to Amend the Amended Complaint to Dismiss Count V and grant any further relief this Court deems just and proper.

**JIMERSON BIRR, P.A.**

By: */s/ Theresa Carli Pontieri*
    Brandon C. Meadows
    Florida Bar No. 114246
    bmeadows@jimersonfirm.com
    Theresa Carli Pontieri
    Florida Bar No. 111403
    tpontieri@jimersonfirm.com
    One Independent Drive, Ste. 1400
    Jacksonville, FL 32202
    Telephone: (904) 389-0050
    dorothyo@jimersonfirm.com
    henryf@jimersonfirm.com
    fileclerk@jimersonfirm.com
    *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I CERTIFY that the foregoing document was electronically filed with the U.S. District Court on this 22nd day of January, 2024, via CM/ECF and was served this day on all counsel and all parties entitled to notice via CM/ECF and/or U.S. Mail.

    */s/ Theresa Carli Pontieri*
    Attorney