United States District Court
Middle District of Florida
Jacksonville Division

JOHN DOE,

    Plaintiff,

v.                                              No. 3:22-cv-414-MMH-LLL

PREDATOR CATCHERS, INC.,
A FOREIGN CORPORATION, AND
ERIC SCHMUTTE, AN INDIVIDUAL,

    Defendants.
_____

### Order Denying Motion to Amend Complaint

Before the Court is Plaintiff's Motion to Amend Amended Complaint to Dismiss Count V, doc. 90, and defendant's response, doc. 99. Plaintiff initiated this lawsuit by filing a complaint in April 2022. Doc. 1. The initial deadline for the parties to amend the pleadings was December 22, 2022, doc. 46. Defendant moved to dismiss the complaint, doc. 42, which the Court granted in part and denied in part, doc. 64. As part of the Court's order, plaintiff was given until July 14, 2023 to file an amended complaint, *id.* at 12. Plaintiff timely filed an amended complaint; like the original complaint, the amended complaint included count V, captioned "civil remedy for cyber crime." Doc. 69 at 12. Defendant moved for summary judgment in January 2024 based on the amended complaint, doc. 69. Doc. 91. Plaintiff now files this motion to

amend his complaint; the only relief he seeks is a voluntary dismissal of count V. Doc. 90.

Federal Rule of Civil Procedure 15(a)(2) governs amended pleadings at this stage of the litigation. Rule 15 dictates that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." A motion to amend filed after the scheduling order's deadline, however, must demonstrate "good cause" under Rule 16(b)(4), before a Rule 15(a) analysis is undertaken. *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998) (per curiam) (citations omitted). The good cause standard requires a litigant show that, despite their diligence, the deadlines in the scheduling order could not have been met. *Destra v. Demings*, 725 F. App'x 855, 859 (11th Cir. 2018) (per curiam) (quoting *Sosa*, 133 F.3d at 1418). In assessing diligence, courts may consider: "(1) whether the plaintiff failed to ascertain facts prior to filing the complaint or failed to acquire information during the discovery period, (2) whether the information supporting the proposed amendment was available to the plaintiff, and (3) whether, even after acquiring the information, the plaintiff delayed in requesting leave to amend." *Arianas v. LVNV Funding LLC*, 307 F.R.D. 615, 616-17 (M.D. Fla. 2015) (citations omitted). In his two-page motion, plaintiff cites to Rule 15 as the basis for amendment but fails to even mention the good cause standard under Rule 16. On this basis alone, the motion is deficient and should be denied.

Additionally, as defendant notes in its response, count V implicates a prevailing attorney's fees provision: "In an action brought under this subsection, the court may

award reasonable attorney fees to the prevailing party." Fla. Stat. § 815.06(5)(b); *see* doc. 69 at 12. Discovery is closed and the deadline for dispositive motions has passed. Plaintiff had prior opportunities to amend his complaint but elected to proceed with count V. Plaintiff has failed to make the requisite showing of why it seeks amendment at this late stage. Moreover, amending the pleadings at this juncture would be unduly prejudicial because defendants have defended count V throughout the litigation, filed summary judgment on the count, and—if successful—will seek to recover fees as permitted by law. Thus, the motion should be denied. *See Lowe's Home Ctrs, Inc. v. Olin Corp.*, 313 F.3d 1307, 1315 (11th Cir. 2002) ("[I]t is not an abuse of discretion for a district court to deny a motion for leave to amend following the close of discovery, past the deadline for amendments and past the deadline for filing dispositive motions."); *see also Henson v. Columbus Bank & Trust Co.*, 770 F.2d 1566, 1574 (11th Cir. 1985) ("A district court has great discretion when determining whether an amendment to the complaint should be allowed once responsive pleadings have been filed.").

For the reasons above, it is **ordered** that plaintiff's motion to amend, doc 90, is **denied**.

**Ordered** in Jacksonville, Florida, on February 15, 2024.

*[signature]*
LAURA LOTHMAN LAMBERT
United States Magistrate Judge

c:
Samuel Grier Wells, Esquire
Theresa Carli Pontieri, Esquire
Brandon Clark Meadows, Esquire