UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JOHN DOE, an individual                    CASE NO. 3:22-cv-00414-MMH-LLL

    Plaintiff,

v.

PREDATOR CATCHERS, INC.,
a foreign corporation and
ERIC SCHMUTTE, an individual,

    Defendants.
_____/

## **PLAINTIFFS' MOTION TO ADD NEWLY DISCOVERED WITNESS**

Plaintiff, John Doe, through his undersigned counsel and pursuant to Rules 6(b), and 26(e), respectfully moves this Court for leave to add a newly discovered witness as a potential trial witness. In support of this motion, Plaintiff shows:

1. This case involves, *inter alia*, Defendants' posting defamatory information about Plaintiff on the internet which included allegations that Plaintiff was seeking a liaison with a thirteen-year-old girl.

2. Plaintiff has alleged that he has suffered severe mental distress and humiliation as a result of Defendants' actions.

3. In Plaintiff's deposition, taken on December 29, 2023, he testified that he has not had a date since the incident described in Plaintiff's Complaint and that if he attempted to communicate online, people would Google his name, see the internet

posts by Defendants and stop communiating. See excerpts from Plaintiff's Deposition attached hereto as Exhibit "A."[1]

4.  In late March, 2024, Plaintiff accessed a dating site and began a series of communications with a female. The initial communications did not include an exchange of names.

5.  Following several text communications between Plaintiff and the female, in which mutual favorable interests were expressed, names were exchanged.

6.  The name of the individual with whom Plaintiff was communicating is Christy Oglevee. Immediately after Plaintiff provided Ms. Oglevee with his name, she blocked further communications with Plaintiff.

7.  After locating Ms. Oglevee, the undersigned counsel for Plaintiff communicated with Ms. Oglevee on April 30, 2024, who confirmed that she ended her communications with Plaintiff upon discovery of the internet posts by Defendants.

8.  Photographs and text messages between Ms. Oglevee and another acquaintance are attached hereto as Exhibit B in support of this motion.

9.  The undersigned counsel for Plaintiff immediately advised counsel for Defendants of the discovery of the new witness. Counsel inquired as to whether Defendants would stipulate to the addition of the new witness, failing which this motion would be necessary.

---

[1] Plaintiff's entire deposition has been filed in this case as part of the record for the pending motion for summary judgment filed by Defendants and Plaintiff's response thereto.

10. Pursuant to this Court's Order dated December 1, 2023, discovery ended on December 31, 2023.

11. Plaintiff's Rule 26(a) Disclosures did not include Ms. Oglevee as a potential witness.

12. The testimony of Ms. Oglevee is significant in that it confirms Plaintiff's fears of negative, adverse reactions from people who Google him, the impact of Defendant's internet postings and evidence of damages suffered by Plaintiff.

13. Inasmuch as the circumstances surrounding the potential involvement of Ms. Oglevee as a witness only recently occurred, the disclosure represented by this motion is excusable.

14. Despite the cutoff date of discovery noted above, and that Ms. Oglevee is not on Plaintiff's Rule 26 disclosures, there is sufficient time for Defendants to depose or otherwise investigate the newly discovered witness Christy Oglevee prior to any upcoming critical dates.

15. Defendants will not be prejudiced by the granting of this motion. Moreover, the ends of justice will be served by the testimony of Ms. Oglevee.

WHEREFORE, Plaintiff respectfully moves this Court for leave to add Christy Oglevee as a newly discovered witness in this cause.

## MEMORANDUM OF LAW

*Rule 6(b), FRCP,* generally provides the procedures for extending deadlines established by the court. Rule 6(b)(1)(B) provides that such deadlines may be extended by motion after time has expired if the party failed to act because of excusable neglect.

There is no suggestion of excusable negligent in the circumstances surrounding Plaintiff's Motion given that such circumstances did not exist at the discovery cut-off date deadline. In Plaintiff's recent renewed efforts to re-establish a social life, he was met with rejection.

Rule 26(e)(1)(A) requires supplementing responses in a timely manner if previously provided information is incomplete or incorrect and is not otherwise made known to other parties during the litigation. Inasmuch as the circumstances of Ms. Oglevee as a potential witness only recently occurred, such information has not previously been made in Plaintiff's disclosures. However, immediately upon learning of Ms. Oglevee's potential as a witness, counsel for Defendants was advised of her potential involvement.

The factors necessary for a determination of adding new witnesses have been addressed by several courts. Such factors are (1) the importance of the testimony; (2) the reason for the proponents' failure to disclose a witness earlier; and (3) the prejudice to the opposing party if the witness is allowed to testify. *See, Bearint v. Dorell Juvenile Group, Inc.*, 389 F.3d at 1339 (11th Cir. 2004). In *Dugas v. 3M Co.*, 2015 WL3938777, the Court struck a late-filed affidavit of a witness submitted in opposition to a pending motion for summary judgment. The rationale of the Court in *Dugas* was that defendant's motion for summary judgment had already been filed and defendant therefore did not have a chance to depose the witness. The court held that plaintiffs had not made a sufficient showing that the late disclosure was substantially justified. In the instant case, the testimony of Ms. Oglevee is relevant to the issue of damages.

4

Defendants' motion for summary judgment and Plaintiff's response thereto are under consideration by the Court. The potential trial testimony of the witness is not directed to summary judgment. Defendants cannot therefore claim prejudice.

Another decision from the Tampa Division of this Court may be more analogous to the instant case. In *Thornton v. J. Jargon Co.*, 580 F. Supp. 2d 1261 (M.D. Fla. 2008) the Court noted the three factors cited above in considering whether to strike the declaration of a late disclosed witness submitted in opposition to a motion for summary judgment. The Court noted that the declaration of the witness was relevant to the issue of damages ... "a critical issue for the jury to resolve." Although the Court ruled that the declaration of the witness would be stricken from consideration as to plaintiff's motion for summary judgment, the Court nevertheless ruled that plaintiff had not identified any prejudice to the witness testifying at trial.

It is submitted that the potential testimony of Ms. Oglevee is important to the issue of damages, that her disclosure was not the result of any undue delay or any neglect, and that Defendants will not be prejudiced by allowing her testimony at trial.

## RULE 3.01 CERTIFICATION

The undersigned certifies that he has communicated with counsel for Defendants in an effort to confer on adding the newly discovered witness but has thus far received no response.

Respectfully submitted this 7th day of May, 2024.

GRAYROBINSON, P.A.

By: /s/ S. Grier Wells
S. Grier Wells, Esq.
Florida Bar No. 203238
50 N. Laura Street, Suite 1100
Jacksonville, Florida 32202
Telephone: (904) 598-9929
grier.wells@gray-robinson.com
barbara.rude@gray-robinson.com
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 7th day of May 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following: Brandon C. Meadows, Esq. and Theresa Carli Pontieri, Esq., Attorneys for Defendants.

/s/ S. Grier Wells, Esq.
Attorney

/13312/1#60392366 v1