United States District Court
Middle District of Florida
Jacksonville Division

JOHN DOE,

    Plaintiff,

v.                                                                 No. 3:22-cv-414-MMH-LLL

PREDATOR CATCHERS, INC.
AND ERIC SCHMUTTE,

    Defendants.

_____

### Order Granting Plaintiff's Motion to Add Newly Discovered Witness and Denying Plaintiff's Motion for Sanctions under Rule 37(e) for Defendants' Failure to Preserve Electronically Stored Information

Two motions are before the Court: 1) Plaintiff's Motion to Add Newly Discovered Witness, doc. 107, and 2) Plaintiff's Motion for Sanctions under Rule 37(e) for Defendants' Failure to Preserve Electronically Stored Information, doc. 108. The Court held a hearing regarding both motions on June 25, 2024, where counsel for both parties appeared. Doc. 123. For the reasons stated on the record at the hearing, and as discussed below, Plaintiff's Motion to Add Newly Discovered Witness is granted, and Plaintiff's Motion for Sanctions under Rule 37(e) is denied.

### Background

Plaintiff, proceeding under the alias John Doe, filed his original complaint on April 12, 2022. Doc. 1. Defendants Predator Catchers, Inc., and its President Eric Schmutte (collectively "defendants"), responded by filing a motion to dismiss or for a

more definite statement on October 25, 2022, doc. 42, after which the Court provided plaintiff with an opportunity to amend his complaint. Doc. 64. Plaintiff filed his amended complaint on July 14, 2023, doc. 69, and defendants answered on August 23, 2023. Doc. 72. That answer was struck by the Court, doc. 74, as was defendants' amended answer. Docs. 77, 78. Defendants filed their Second Amended Answer on September 12, 2023. Doc. 79.

The allegations in the operative complaint arise from a confrontation between plaintiff and defendants, a private organization that "has as its purported mission the investigation into . . . and public exposure of sexual predators, principally those preying on minors." Doc. 69 ¶ 10. On March 2, 2022, plaintiff matched with a woman named "Jessie" on the online dating app Tinder. *Id.* ¶ 17. The next day, "Jessie" asked plaintiff for his phone number, and the two began communicating via text. *Id.* ¶¶ 18-19. Although "Jessie" disclosed to plaintiff she was thirteen years old, plaintiff contends the contents of their conversation, as well as his "deductive reasoning," caused him to believe she was over the age of eighteen. Doe Dep. 56:12-15, 57:10-14, 108:18-21, Doc. 98. Over the next few days, plaintiff and "Jessie" contacted one another several times and exchanged sexually suggestive text messages. Doc. 69 ¶¶ 19-20; Doe Dep. 33:6-14, Doc. 98. "Jessie" also provided plaintiff with five pictures of herself—two of which were on Tinder. Doc. 69 ¶ 22. The photos of "Jessie" did not in actuality depict a minor but rather a woman named Alexis Thomas, who was around twenty years old at the time the photographs were taken. Schmutte Dep. 24:1-3, 53:22-23, Doc. 94.

On March 5, 2022, "Jessie" asked plaintiff to visit her at her grandmother's house. Doc. 69 ¶ 21. Upon his arrival, plaintiff encountered an adult woman and Schmutte, who confronted plaintiff. *Id.* ¶ 24. Schmutte, on recorded video, accused plaintiff of pursuing sexual contact with a thirteen-year-old girl; the recording lasts about forty-eight minutes. *Id.* ¶¶ 24, 26. After the confrontation, plaintiff filed a complaint against defendants with the Jacksonville Sheriff's Office. *Id.* ¶ 27. Shortly thereafter, Schmutte posted the video publicly on social media. *Id.* ¶ 29. The video posting contained a comments section, where many viewers left negative remarks about plaintiff. *Id.* ¶¶ 33, 37. Plaintiff contends the public posting of the video has negatively impacted his relationship with family members and friends. *Id.* ¶ 37. Plaintiff brings five counts against defendants for defamation, invasion of privacy, intentional infliction of mental distress, assault, and civil remedy for cybercrime under section 815.06. *Id.* at 9-13.

The Court's Case Management and Scheduling Order (CMSO) initially set August 18, 2023, as the discovery deadline. Doc. 46. At the parties' request, the Court extended that deadline three times, and discovery finally closed on December 31, 2023. Docs. 71, 82, 88. The Court cautioned the parties that the discovery deadlines would not be extended again absent extraordinary circumstances. Doc. 88 at 2. Defendants moved for summary judgment on January 19, 2024. Doc. 91. Plaintiff responded to Defendants' Motion for Summary Judgment on February 22, 2024. Doc. 105. The final pretrial conference is set for September 23, 2024, at 10:00 a.m., and the jury trial is set for the trial term commencing October 7, 2024, at 9:00 a.m. Doc. 112.

## Analysis

### I. Plaintiff's Motion to Add Newly Discovered Witness.

Plaintiff filed his Motion to Add Newly Discovered Witness on May 7, 2024. Doc. 107. On June 5, 2024, defendants responded in opposition. Doc. 117. In his motion, plaintiff asks the Court to grant him leave to add a potential trial witness, Christy Oglevee. Doc. 107 at 3. Plaintiff contends Oglevee's testimony is important because it will demonstrate the negative consequences plaintiff has suffered in his romantic relationships because of the video and its comments. *Id.* ¶¶ 3, 12. In his deposition, plaintiff testified that women he meets on dating platforms stop communicating with him after searching for his name and learning about the accusations by defendants. *Id.*; Doe Dep. 39:5-8, Doc. 98.

In response, defendants oppose Oglevee being added to plaintiff's Rule 26 disclosures at this late juncture because, they argue, the motion contradicts the Court's deadlines; the witness did not contribute to plaintiff's alleged damages at the time of filing; and this motion would allow plaintiff an unfair opportunity to cure legal and evidentiary issues with his alleged damages. Doc. 117 ¶¶ 1-9.

A court may extend time for good cause "on [a] motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). Federal Rule of Civil Procedure 26(e)(1)(A) states that Rule 26(a) disclosures should be supplemented "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the

additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A).

The Court has significant discretion when deciding whether to allow a party to add witnesses. *See Henderson v. Ford Motor Co.*, 72 F.4th 1237, 1243 (11th Cir. 2023). Under Rule 37(c)(1), a party that fails to disclose or supplement disclosures appropriately is not permitted to use that witness at trial "unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1); *Thornton v. J. Jargon Co.*, 580 F. Supp. 2d 1261, 1287 (M.D. Fla. 2008). In making this determination, the Court considers "(1) the importance of the testimony; (2) the reason for the appellant's failure to disclose the witness earlier; and (3) the prejudice to the opposing party if the witness had been allowed to testify." *Bearint ex rel. Bearint v. Dorell Juv. Grp., Inc.*, 389 F.3d 1339, 1353 (11th Cir. 2004).

Here, plaintiff contends Oglevee's testimony is important because it is direct evidence that he continues to suffer reputational harm as a result of defendants' video. Doc. 107 ¶ 12. It is now two years after the incident, and plaintiff argues that so long as the video remains online, he will continue to accrue new damages. *Id*. Based on these representations, I find that the proposed testimony is relevant and could be significant to this aspect of plaintiff's claim.

Additionally, I find good cause for plaintiff's failure to previously disclose the witness. Plaintiff and the witness did not first connect until late March 2024. *Id.* ¶ 4. According to plaintiff, Oglevee stopped talking with plaintiff after learning his name. *Id.* ¶ 6. Plaintiff's lawyer spoke with Oglevee for the first time on April 30, 2024, *id.* ¶

5

7, and filed this motion on May 7, 2024—one week later. *See generally id.* Although plaintiff did even begin his relationship with defendant until well after discovery had closed, he moved quickly for Court intervention once he believed her testimony to be relevant and significant to this lawsuit.

Finally, defendants will not be prejudiced by this newly discovered witness because they will have the opportunity to depose Oglevee before her testimony is offered at trial. Indeed, defendants' counsel conceded at the hearing that if given the opportunity to depose Oglevee, they would not suffer prejudice. And although defendants also expressed concern the new witness may impact their pending motion for summary judgment, the Court concluded that Oglevee may be offered only as a trial witness and may not be used to supplement the pending dispositive motions and responses, a condition which plaintiff's counsel offered at the hearing. Thus, Plaintiff's Motion to Add Newly Discovered Witness is granted.

## II. Plaintiff's Motion for Sanctions under Rule 37(e) for Defendants' Failure to Preserve Electronically Stored Information.

Plaintiff also moves to sanction defendants for failing to preserve Electronically Stored Information (ESI). Doc. 108. Plaintiff argues that although his counsel provided defendants with a litigation hold letter requiring defendants preserve all ESI, specifically the Tinder profile of "Jessie," they failed to do so. *Id.* Ex. A. Plaintiff represents the Tinder profile is critical evidence as to the question of whether he believed he was communicating with a minor; he claims prejudice because of the profile's deletion. *Id.* at 4-5. Defendants, on the other hand, assert that plaintiff knew

6

defendants did not take actions to delete the profile, but that Tinder banned the profile and subsequently removed it, prior to the issuance of the litigation hold letter. Doc. 118 ¶¶ 3-6.

Plaintiff relies on Federal Rule of Civil Procedure 37(e) to establish the standard for spoliation of ESI. Fed. R. Civ. P. 37(e). Rule 37(e) states:

> (e) **Failure to Preserve Electronically Stored Information.** If electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery, the court:
>
> (1) upon finding prejudice to another party from loss of the information, may order measures no greater than necessary to cure the prejudice; or
>
> (2) only upon finding that the party acted with the intent to deprive another party of the information's use in the litigation may:
>
> (A) presume that the lost information was unfavorable to the party;
>
> (B) instruct the jury that it may or must presume the information was unfavorable to the party; or
>
> (C) dismiss the action or enter a default judgment.

*Id.* Thus, Rule 37(e) provides four elements that must be satisfied before the Court may consider Rule 37(e)(1) or 37(e)(2) sanctions: (1) the information is ESI; (2) the ESI should have been preserved in anticipation of litigation; (3) the ESI is lost because a

7

party failed to take reasonable steps to preserve it; and (4) the ESI cannot be restored or replaced through additional discovery. *Id.*

Although plaintiff arguably satisfies the first two elements, he cannot meet his burden of establishing Rule 37(e) elements (3) and (4). The profile from Tinder, as a social media platform, likely qualifies as ESI. *See* Fed. R. Civ. P. 37(e) advisory committee's note to 2015 amendment ("It is important that counsel become familiar with their clients' information systems and digital data—including social media—to address these issues."); *Treminio v. Crowley Mar. Corp.*, No. 3:22-CV-00174-CRK, 2024 WL 1075433, at *1, *2 (M.D. Fla. Mar. 12, 2024) (analyzing deleted Facebook messages under Rule 37(e)); *In re Tasigna (Nilotinib) Prods. Liab. Litig.*, No. 6:21-MD-3006-RBD-DAB, 2023 WL 6064308, at *1, *1-2 (M.D. Fla. Sept. 18, 2023) (treating social media posts from Facebook, LinkedIn, Twitter, and Slack as ESI).

Additionally, the ESI should have been preserved in anticipation of litigation. On March 11, 2022, plaintiff's counsel sent defendants a litigation hold letter, conveying plaintiff's demand for defendants to preserve all ESI—including the Tinder profile. Doc. 108 Ex. A, at 3. Plaintiff's counsel sent this hold letter only six days after the incident and after plaintiff filed his complaint about the incident with local authorities. *Id.*; doc. 69 ¶ 27. Thus, defendants should have known that this evidence would be relevant to possible litigation.

Plaintiff does not, however, satisfy his burden of showing that the ESI was lost because defendants failed to take reasonable steps to preserve it.[1] In his filing, plaintiff goes one step further, repeatedly alleging that defendants "affirmatively deleted the ESI." Doc. 108 at 4, 11. But plaintiff failed to provide any evidence to support the assertion that defendants deleted the Tinder profile. Although it is still unclear what steps—if any—defendants took to preserve the profile, upon review of the deposition transcripts, plaintiff's counsel did not question any of the witnesses regarding preservation efforts. *See generally* docs. 94-98. Plaintiff's counsel did ask Schmutte if he still had access to the profile, to which Schmutte answered "[n]o," but no additional follow-up was conducted. Schmutte Dep. 93:5-13, Doc. 94.[2] Moreover, when questioned by the Court on this element at the hearing, plaintiff was unable to provide any additional evidence regarding defendants' alleged failure to take reasonable steps to preserve the information.

Finally, and perhaps most detrimental to plaintiff's argument, he fails to establish the account at issue "cannot be restored or replaced through additional discovery." Fed. R. Civ. P. 37(e). During the hearing, plaintiff's counsel acknowledged

---

[1] The 2015 Advisory Committee Notes to Rule 37(e) state, "This rule recognizes that 'reasonable steps' to preserve suffice; it does not call for perfection." Fed. R. Civ. P. 37(e) advisory committee's note to 2015 amendment. The notes also state the court should assess the party's sophistication in litigation when evaluating their preservation efforts. *Id.*

[2] At the deposition of Eric Schmutte, plaintiff asks, "Do you have the initial profile of Jessie, which is you, using the likeness in any way of Alexis Thomas that would have been put on Tinder?" Schmutte Dep. 93:5-7, Doc. 94. Mr. Schmutte first clarifies, "Do I still have that actual profile on Tinder? Is that what you're asking?" *Id.* at 93:10-11. Ultimately, he answers plaintiff's question, "No." *Id.* at 93:13.

9

that he has neither contacted Tinder directly to inquire about retrieving the profile nor issued a third-party subpoena to Tinder for the information. When pressed on this issue, plaintiff conceded that this motion should be denied at this juncture. Because plaintiff fails to meet his burden regarding Rule 37(e)'s required elements, the Court cannot undertake a sanctions analysis under 37(e)(1) and 37(e)(2). Thus, the motion should be denied.

It is **ordered**:

1. Plaintiff's Motion to Add Newly Discovered Witness, doc. 107, is **granted.**

2. Defendants may depose witness Christy Oglevee **on or before August 30, 2024.**

3. Plaintiff's Motion for Sanctions under Rule 37(e) for Defendants' Failure to Preserve Electronically Stored Information, doc. 108, is **denied.**

**Ordered** in Jacksonville, Florida, on July 26, 2024.

LAURA LOTHMAN LAMBERT
United States Magistrate Judge

c:
Samuel Grier Wells, Esquire
Theresa Carli Pontieri, Esquire
Brandon Clark Meadows, Esquire